# IN THE SUPREME COURT OF THE STATE OF NEVADA

MYRON LEWIS; AND MYRON LEWIS, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF SHEILA LEWIS,
Appellants,
vs.
RENOWN REGIONAL MEDICAL CENTER, A NEVADA CORPORATION, D/B/A RENOWN REGIONAL MEDICAL CENTER; AND RENOWN HEALTH, A NEVADA CORPORATION, D/B/A RENOWN HEALTH,
Respondents.

No. 74300



FILED

DEC 1 8 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting a motion to dismiss a complaint in a tort action. Second Judicial District Court, Washoe County; Jerome M. Polaha, Judge.

On February 4, 2016, appellant Myron Lewis' wife, Shelia Lewis, committed suicide while under the care of Renown Regional Medical Center in Reno, Nevada. On April 10, 2017, Lewis, individually and as a special administrator of Shelia's estate, filed a complaint against respondents Renown Regional Medical Center and Renown Health (collectively "Renown") for, relevant to this appeal, medical negligence[1] in violation of NAC 449.314 and NAC 449.394; abuse and neglect of a vulnerable person in violation of NRS 41.1395; and common law wrongful

---

[1]We refer to this claim as "professional negligence" throughout this order.

18-909184

death. In lieu of an answer, Renown filed a motion to dismiss which the district court denied. Upon reconsideration, the district court dismissed Lewis' suit, finding that all of his claims sounded in professional negligence and were time barred by NRS 41A.097(2)'s one year statute of limitations because the statute began to run upon Lewis' receipt of Sheila's medical records on March 21, 2016.

Lewis appeals the district court's dismissal of his claim for abuse and neglect under NRS 41.1395.[2] We review de novo a dismissal for failure to state a claim pursuant to NRCP 12(b)(5) with all inferences drawn in favor of the complainant and all facts alleged in the complaint presumed true. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008). Dismissing a complaint is only appropriate "if it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [the plaintiff] to relief." *Id.* at 228, 181 P.3d at 672.

Lewis alleges that his abuse and neglect claim is subject to a two year statute of limitations under NRS 11.190(4)(e) as opposed to NRS 41A.097(2)'s one year statute of limitations for professional negligence. Lewis posits that his abuse and neglect claim is distinct from his claim for professional negligence because the claim for abuse and neglect alleges that

---

[2]Lewis does not appeal the dismissal of his professional negligence claim nor does he dispute the expiration of the statute of limitations under NRS 41A.097(2). Although Lewis claims to appeal his wrongful death cause of action, he does not independently address why the dismissal of this claim should be reversed on appeal. "Issues not raised in an appellant's opening brief are deemed waived." *Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. 156, 161 n.3, 252 P.3d 668, 672 n.3 (2011). Additionally, this court need not consider non-cogent arguments. *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006). Thus, we deem Lewis' arguments as to both professional negligence and wrongful death waived.

Renown failed to provide a vulnerable person, Sheila, with services required to maintain her physical and mental health in violation of NRS 41.1395, whereas his professional negligence claim alleged that Renown breached its duty to Sheila by rendering substandard care. In considering Lewis' argument that his abuse and neglect claim is distinct from his claim for professional negligence, "we must look to the gravamen or substantial point or essence of each claim rather than its form" to determine that claim's character. *Szymborski v. Spring Mountain Treatment Ctr.*, 133 Nev., Adv. Op. 80, 403 P.3d 1280, 1285 (2017) (internal quotations omitted).

In *Szymborski* we considered the distinction between claims for medical negligence and claims for ordinary negligence against a healthcare provider in the context of the discharge and delivery by taxi of a disturbed patient to his estranged father's house, without notice or warning. *Id.* at 1283-1284. In contrast to allegations of a healthcare provider's negligent performance of nonmedical services, "[a]llegations of [a] breach of duty involving medical judgment, diagnosis, or treatment indicate that a claim is for [professional negligence]." *Id.* at 1284. The gravamen of Lewis' claim for abuse and neglect is that Renown failed to adequately care for Sheila by failing to monitor her. Put differently, Renown breached its duty to provide care to Sheila by failing to check on her every hour per the monitoring order in place. We are not convinced by Lewis' arguments that a healthcare provider's failure to provide care to a patient presents a claim distinct from a healthcare provider's administration of substandard care; both claims amount to a claim for professional negligence where it involves a "breach of duty involving medical judgment, diagnosis, or treatment." *Id.* Lewis' allegations that Renown failed to check on Sheila while she was under a monitoring order necessarily involve a claim for a breach of duty in the

administration of medical treatment or judgment.    Thus, we affirm the district court's dismissal of Lewis' claims against Renown because his claim for abuse and neglect sounds in professional negligence and is time barred pursuant to NRS 41A.097(2).

Accordingly, we ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Jerome M. Polaha, District Judge
       Paul F. Hamilton, Settlement Judge

 

Winter Street Law Group
McDonald Carano LLP/Reno
McDonald Carano LLP/Las Vegas
Bradley Drendel & Jeanney
Washoe District Court Clerk

