STEVEN M. BETSINGER, APPELLANT/CROSS-RESPONDENT, *v.* D.R. HORTON, INC., A NEVADA CORPORATION; JEFF WARD; DEBRA MARTINEZ; DHI MORTGAGE COMPANY, LTD., A TEXAS LIMITED PARTNERSHIP FKA CH MORTGAGE COMPANY I, LTD., A NEVADA LIMITED PARTNERSHIP; AND DANIEL CALLAHAN, INDIVIDUALLY, RESPONDENTS/CROSS-APPELLANTS.

No. 50510

May 27, 2010                                    232 P.3d 433

*Bailey Kennedy* and *Dennis L. Kennedy* and *Sarah E. Harmon*, Las Vegas; *Feldman Graf, P.C.*, and *David J. Feldman* and *J. Rusty Graf*, Las Vegas, for Appellant/Cross-Respondent.

*Lionel Sawyer & Collins* and *David N. Frederick* and *Todd E. Kennedy*, Las Vegas; *Wood, Smith, Henning & Berman, LLP*, and *Joel D. Odou* and *Tod R. Dubow*, Las Vegas, for Respondents/Cross-Appellants.

# OPINION

By the Court, PARRAGUIRRE, C.J.:

In this opinion, we consider the proper burden of proof that should apply for a cause of action brought under NRS Chapter 598's deceptive trade practices statutory scheme. We conclude that any cause of action for deceptive trade practices under NRS Chapter 598 must be proven by a preponderance of the evidence. We further conclude that a substantial portion of Steven Betsinger's compensatory damage award must be reversed because he failed to present evidence of any physical manifestation of emotional distress. As a consequence of this decision, we reverse the punitive damages award against Daniel Callahan because Betsinger failed to recover any general damages against Callahan aside from damages for emotional distress. Additionally, we remand for a new trial on punitive damages against DHI Mortgage Company, Ltd., because we are unable to adequately review the jury's punitive damages award in light of our decision to substantially reduce the compensatory damages award.

## FACTS AND PROCEDURAL HISTORY

This appeal and cross-appeal arise out of a lawsuit filed by appellant/cross-respondent Steven Betsinger against respondents/cross-appellants (respondents) D.R. Horton, Inc. (DRH), DHI Mortgage Company, Ltd., Daniel Callahan, Jeff Ward, and Debra Martinez for fraud and deceptive trade practices involving the sale of a house built by DRH with financing from DHI Mortgage.

In this case, Betsinger contracted to buy a DRH-built house in Las Vegas. He sought a mortgage loan from DRH's financing division, DHI Mortgage, and made a $4,900 earnest-money deposit to secure the purchase.

After making final preparations to relocate his family to Las Vegas, Betsinger was informed by Callahan, a DHI Mortgage branch manager, that DHI Mortgage could not offer him the low mortgage interest rate that had been originally suggested. Instead of the originally suggested "primary residence" rate of 4.625%, Callahan told Betsinger that DHI Mortgage could only offer him a rate of 6.5% under the premise that the Las Vegas house could not qualify as Betsinger's "primary residence" because he did not intend to seek full-time employment in the Las Vegas area.

Unwilling to accept the higher rate of interest, Betsinger canceled the purchase contract. Before doing so, Betsinger inquired as to whether his deposit would be refunded. Although the unsigned purchase contract provided that the deposit was nonrefundable, Betsinger testified that Callahan, Ward (the Director of Sales and Marketing for DRH), and Martinez (a DRH salesperson) all informed him that his $4,900 deposit would be returned. DRH never refunded Betsinger's deposit.

Betsinger subsequently commenced this action, alleging that (1) DRH, Ward, and Martinez had engaged in fraud by telling him that his earnest-money deposit would be returned after he canceled his purchase contract; (2) Callahan had engaged in fraud by "baiting" him with a 4.625% mortgage rate so that he would place a $4,900 earnest-money deposit, then "switching" the rate to 6.5%; and (3) all defendants had engaged in deceptive trade practices.

After a five-day trial, the jury returned a special verdict finding that DHI Mortgage and Callahan had engaged in fraud, that all the defendants had engaged in deceptive trade practices, and that punitive damages should be awarded against DHI Mortgage and Callahan. The jury awarded Betsinger $53,727 in compensatory damages: actual damages in the amount of $10,727 ($5,190 from DRH and $5,537 from DHI Mortgage); and consequential damages for emotional distress, mental anguish, embarrassment, and loss of peace of mind in the amount of $43,000 ($11,000 from DRH, $22,000 from DHI Mortgage, and $10,000 from Callahan).[1] The jury also awarded Betsinger $1,542,500 in punitive damages ($1,500,000 from DHI Mortgage and $42,500 from Callahan), which was later reduced to $300,000 pursuant to NRS 42.005's statutory cap. This appeal and cross-appeal followed.[2]

---

[1]The jury awarded $48,000 in emotional distress damages, but $5,000 of that amount was against an individual who settled and is not a party to this appeal.

[2]Having concluded that the punitive damages award against DHI Mortgage must be remanded to the district court for additional proceedings, we decline to address Betsinger's only issue on appeal challenging the constitutionality of NRS 42.005's statutory cap on punitive damages in this instance. We also reject respondents' other challenges to the district court's judgment on cross-appeal that are not specifically addressed in this opinion.

## DISCUSSION

*A cause of action for deceptive trade practices must be proven by a preponderance of the evidence*

Respondents allege on cross-appeal that the district court failed to appropriately instruct the jury as to the correct burden of proof for a deceptive trade practices claim against them. They allege that the district court imprecisely instructed the jury that some deceptive trade practices must only be proven by a preponderance of the evidence while others require proof by clear and convincing evidence, and that the district court did not specify which burden of proof was required for which particular deceptive trade practice. While we agree that the district court improperly instructed the jury on both burdens of proof, reversal on this ground is unnecessary because deceptive trade practices must only be proven by a preponderance of the evidence, which is a lesser evidentiary standard than clear and convincing evidence.

Generally, a preponderance of the evidence is all that is needed to resolve a civil matter unless there is clear legislative intent to the contrary. *See Mack v. Ashlock*, 112 Nev. 1062, 1066, 921 P.2d 1258, 1261 (1996) ("[A]bsent a clear legislative intent to the contrary . . . the standard of proof in [a] civil matter must be a preponderance of the evidence.").

NRS Chapter 598 is silent as to the plaintiff's burden of proof for deceptive trade practices. *See* NRS 598.0903-.0999. Thus, while some deceptive trade practices defined in NRS Chapter 598 sound in fraud, *see, e.g.*, NRS 598.0923(2), which, under common law, must be proven by clear and convincing evidence, *see Bulbman, Inc. v. Nevada Bell*, 108 Nev. 105, 110-11, 825 P.2d 588, 592 (1992), we cannot conclude that deceptive trade practices claims are subject to a higher burden of proof absent a legislative directive. *See Mack*, 112 Nev. at 1066, 921 P.2d at 1261.

This accords with the approach taken by many other jurisdictions that have enacted similar consumer protection statutes. *See Hanson-Suminski v. Rohrman Motors*, 898 N.E.2d 194, 203 (Ill. App. Ct. 2008) ("[T]he appropriate standard of proof for a statutory fraud claim [under the Illinois Consumer Fraud Act] is preponderance of the evidence."); *Dunlap v. Jimmy GMC of Tucson, Inc.*, 666 P.2d 83, 88-89 (Ariz. Ct. App. 1983); *State Ex. Rel. Spaeth v. Eddy Furniture Co.*, 386 N.W.2d 901, 903 (N.D. 1986).[3]

---

[3]Similar consumer fraud legislation carries a variety of titles, such as "unfair trade practices," "consumer fraud," and "deceptive trade practices." *See Dunlap*, 666 P.2d at 89 n.1.

In *Dunlap*, the Arizona Court of Appeals recognized that a plaintiff has the burden of proving common law fraud by clear and convincing evidence. 666 P.2d at 88. However, because statutory fraud is separate and distinct from common law fraud, the Court stated that "[t]he mere fact that the word 'fraud' appears in the title of [Arizona's] consumer protection statute does not give rise to an inference that the legislature intended to require a higher degree of proof than that ordinarily required in civil cases." *Id.* at 89. The court further concluded that the purpose of the consumer protection statute was to provide consumers with a cause of action that was easier to establish than common law fraud, and therefore, statutory fraud must only be proven by a preponderance of the evidence. *See id.*

We agree with the Arizona Court of Appeals' reasoning in *Dunlap*. Statutory offenses that sound in fraud are separate and distinct from common law fraud. Therefore, we conclude that deceptive trade practices, as defined under NRS Chapter 598, must only be proven by a preponderance of the evidence.

Having concluded as such, we do not need to disturb the jury's verdict because the jury found all defendants liable for deceptive trade practices even though the district court improperly instructed the jury that some deceptive trade practices must be proven by the higher standard of clear and convincing evidence. Accordingly, we affirm the district court's judgment in this respect.[4]

*Compensatory damages award—damages for emotional distress*

Respondents next contend on cross-appeal that the jury's compensatory award relating to emotional distress damages must be reversed because Betsinger failed to demonstrate any physical manifestation of emotional distress. We agree, and therefore reverse the jury's $43,000 emotional distress damages award.

We have previously required a plaintiff to demonstrate that he or she has suffered some physical manifestation of emotional distress in order to support an award of emotional damages. *See, e.g., Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 448, 956 P.2d 1382, 1387 (1998) ("[I]n cases where emotional distress damages are not secondary to physical injuries, but rather, precipitate physical symptoms, either a physical impact must have occurred or, in the absence of physical impact, proof of 'serious emotional distress'

---

[4]Respondents tangentially argue that NRS Chapter 598's statutory scheme does not regulate the deceptive sale of real property; therefore, DRH could not be held liable for a deceptive trade practice. Having reviewed this issue, we reject respondents' narrow interpretation of NRS Chapter 598 and conclude that this argument is without merit.

causing physical injury or illness must be presented."); *Chowdhry v. NLVH, Inc.*, 109 Nev. 478, 482-83, 851 P.2d 459, 462 (1993). While we have relaxed the physical manifestation requirement in a few limited instances, *see Olivero v. Lowe*, 116 Nev. 395, 400, 995 P.2d 1023, 1026 (2000) (explaining that the physical manifestation requirement is more relaxed for damages claims involving assault), we cannot conclude that a claim for emotional distress damages resulting from deceptive trade practices in connection with a failed real estate and lending transaction should be exempted from the physical manifestation requirement.

Unlike in *Olivero*, where we stated that "the nature of a claim of assault is such that the safeguards against illusory recoveries mentioned in *Barmettler* and *Chowdhry* are not necessary," 116 Nev. at 400, 995 P.2d at 1026, there is no guarantee of the legitimacy of a claim for emotional distress damages resulting from a failed real estate and lending transaction without a requirement of some physical manifestation of emotional distress.

Thus, because Betsinger failed to present any evidence that he suffered any physical manifestation of emotional distress, we reverse the jury's award of $43,000 in emotional distress damages. Accordingly, Betsinger's compensatory damages award should be reduced to $10,727, the amount of Betsinger's actual damages, as determined by the jury.

### The punitive damages must be reversed and remanded

In light of our decision to reduce Betsinger's compensatory damages award by more than 80%, we must now consider the appropriateness of his punitive damages award against Callahan and DHI Mortgage.

As against Callahan, the punitive damages award must be stricken in its entirety because Betsinger did not recover any compensatory damages from Callahan other than those relating to emotional distress. *See Bongiovi v. Sullivan*, 122 Nev. 556, 582-83, 138 P.3d 433, 451-52 (2006); *City of Reno v. Silver State Flying Serv.*, 84 Nev. 170, 180, 438 P.2d 257, 264 (1968) ("Punitive damages cannot be awarded by a jury unless it first finds compensatory damages.").

As against DHI Mortgage, the punitive damages award must be remanded for further proceedings because we cannot be sure what the jury would have awarded in punitive damages as a result of the substantially reduced compensatory award. Because of our uncertainty, we are unable to meaningfully review the excessiveness of the current punitive damages award, and we refuse to arbitrarily re-

duce the amount. *See Bongiovi*, 122 Nev. at 582-83, 138 P.3d at 452 (explaining that we review whether punitive damages are excessive de novo to " 'ensure that the measure of punishment is both reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered' " (quoting *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 426 (2003))).

Accordingly, we affirm the district court court's judgment in part, reverse in part, and remand this matter to the district court for proceedings consistent with this opinion.

HARDESTY, DOUGLAS, CHERRY, SAITTA, GIBBONS, and PICKERING, JJ., concur.