**130 Nev., Advance Opinion 84**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

D.R. HORTON, INC., A NEVADA
CORPORATION; DHI MORTGAGE
COMPANY, LTD., A TEXAS LIMITED
PARTNERSHIP F/K/A CH MORTGAGE
COMPANY, LTD., A NEVADA LIMITED
PARTNERSHIP,
Appellants/Cross-Respondents,
vs.
STEVEN M. BETSINGER,
Respondent/Cross-Appellant.

No. 59319

FILED

OCT 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal and cross-appeal from a final district court judgment entered on remand in a torts action. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

*Affirmed in part, reversed in part, and remanded.*

McDonald Carano Wilson LLP and Pat Lundvall, Debbie A. Leonard, and Kerry St. Clair Doyle, Las Vegas,
for Appellants/Cross-Respondents.

Feldman Graf, P.C., and David J. Feldman and John C. Dorame, Las Vegas,
for Respondent/Cross-Appellant.

BEFORE THE COURT EN BANC.[1]

---

[1]The Honorable Ron D. Parraguirre, Justice, did not participate in the decision of these matters.



By the Court, CHERRY, J.:

This appeal arises from punitive damages proceedings on remand after we issued our decision in *Betsinger v. D.R. Horton, Inc.* (*Betsinger I*), 126 Nev. 162, 232 P.3d 433 (2010), a case that involved fraud and deceptive trade practices in the context of a real estate purchase and loan arrangement. On appeal, we consider whether the proceedings on remand violated NRS 42.005(3), which requires any trier of fact who determines that punitive damages are warranted to also determine the amount of damages to award. Specifically, we consider whether NRS 42.005(3) applies in a remand situation so as to require the second jury on remand to reassess whether punitive damages are warranted before that jury may determine the amount of punitive damages to be awarded. We conclude that NRS 42.005(3) is unambiguous in imposing this requirement. Thus, when the fact-finder is limited to solely making a determination regarding punitive damages, NRS 42.005(3) requires that fact-finder to first determine whether punitive damages are justified—*i.e.*, whether there is clear and convincing evidence of a defendant's oppression, fraud, or malice—and then to determine the amount of damages to award. Because the jury on remand in this case was prevented from determining whether punitive damages were justified, we reverse the district court's punitive damages award and remand for a new trial. We also affirm the denial of attorney fees to D.R. Horton.

## FACTS AND PROCEDURAL HISTORY

This case arose from a failed attempt to purchase a home in Las Vegas, the details of which are more fully set forth in *Betsinger I*, 126 Nev. 162, 232 P.3d 433 (2010). Briefly, respondent/cross-appellant Steven Betsinger contracted to purchase a house from appellant/cross-respondent



D.R. Horton, Inc., and applied for a loan to fund that purchase with D.R. Horton's financing division, appellant/cross-respondent DHI Mortgage, Ltd. *Id.* at 163, 232 P.3d at 434. After DHI Mortgage refused to fund the loan at the interest rate originally offered, Betsinger canceled the purchase contract. When D.R. Horton failed to return Betsinger's earnest-money deposit, he sued, asserting claims for fraud and deceptive trade practices based on allegations that D.R. Horton caused him to cancel the purchase agreement with false assurances that his deposit would be returned and that it and DHI Mortgage used a "bait and switch" tactic to lure him into making the deposit in the first place. After a trial, the jury found in favor of Betsinger and awarded him compensatory damages against D.R. Horton and DHI Mortgage consisting of actual damages and emotional distress damages, as well as punitive damages against DHI Mortgage.[2] *Id.* at 164, 232 P.3d at 434-35.

All parties appealed, and we reversed the judgment as to consequential damages because of Betsinger's failure to present evidence of any physical manifestation of emotional distress. *Id.* at 166, 232 P.3d at 436. We accordingly reduced the compensatory damages award to the amount of Betsinger's actual damages, $10,727 ($5,190 from D.R. Horton and $5,537 from DHI Mortgage). *Id.* at 164, 167, 232 P.3d at 434, 436. Because it was impossible to determine what the jury would have awarded Betsinger in punitive damages against DHI Mortgage given the reduction

---

[2]The jury also awarded emotional distress damages and punitive damages against another defendant, who was DHI Mortgage's branch manager, for his role in the "bait and switch." *Betsinger I*, 126 Nev. at 164, 232 P.3d at 434-35. Given this court's resolution of the first appeal, that defendant was not involved in the remanded proceedings.

in the compensatory damages award, we declined to arbitrarily reduce the punitive damages amount. Instead, we concluded that "the punitive damages award must be remanded for further proceedings because we cannot be sure what the jury would have awarded in punitive damages as a result of the substantially reduced compensatory award." *Id.* at 167, 232 P.3d at 437.

On remand, questions arose as to the appropriate scope of the trial in light of this court's remand instructions. Specifically, confusion arose regarding whether the jury needed to first consider DHI Mortgage's liability for punitive damages, or if the jury was simply to consider the amount of punitive damages warranted. Ultimately, the district court instructed the jury that it was to decide "what amount, if any, Mr. Betsinger is entitled to for punitive damages."[3] Based on this instruction, the jury returned a verdict against DHI Mortgage and in favor of Betsinger with respect to punitive damages in the amount of $675,000. The district court subsequently entered judgment against D.R. Horton in the amount of $5,190 plus interest and denied D.R. Horton attorney fees. Judgment was entered against DHI Mortgage in the amount of $5,537 plus interest and $300,000 in punitive damages, the total after NRS 42.005(1)(b)'s punitive damages cap was applied. Thereafter, D.R. Horton and DHI Mortgage appealed, and Betsinger cross-appealed.

---

[3]We note that the requirements of NRS 42.007(1) did not need to be met coming into the second trial because the first jury had previously determined that DHI Mortgage had engaged in fraud and in deceptive trade practices. *Betsinger I*, 126 Nev. at 164, 232 P.3d at 434.

## DISCUSSION

Although the parties raise numerous arguments on appeal and cross-appeal, this opinion need analyze only two of those arguments. We first address DHI Mortgage's argument that the district court's jury instruction regarding punitive damages violated NRS 42.005(3)'s "same trier of fact" requirement. We then turn to whether the district court should have awarded D.R. Horton attorney fees.

*NRS 42.005(3) requires the same fact-finder to determine whether liability exists for punitive damages and, if so, the amount of damages*

NRS 42.005 governs when punitive damages are authorized and the process by which those damages are to be awarded. In particular, subsection 1 authorizes punitive damages when "it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice." NRS 42.005(1). Subsection 3, in turn, sets forth the process by which those damages are to be awarded:

> If punitive damages are claimed pursuant to this section, *the trier of fact shall make a finding of whether such damages will be assessed.* If such damages are to be assessed, a subsequent proceeding must be conducted *before the same trier of fact to determine the amount of such damages* to be assessed.

NRS 42.005(3) (emphases added). On appeal, DHI Mortgage asserts that NRS 42.005(3) unambiguously provides that a single jury must determine both a defendant's liability for punitive damages—*i.e.*, whether clear and convincing evidence demonstrates that the defendant is guilty of oppression, fraud, or malice—*and* the amount of any award. Thus, according to DHI Mortgage, the district court erred as a matter of law by permitting the second jury to consider only the amount of damages to be awarded. In response, Betsinger contends that NRS 42.005(3)'s "same

 

trier of fact" requirement should not apply when a case has been remanded. In particular, Betsinger contends that DHI Mortgage's reading of NRS 42.005(3) is untenable, as it would essentially entitle DHI Mortgage to a new trial on its underlying liability for fraud, since the jury considering whether punitive damages are warranted would necessarily need to find that DHI Mortgage was guilty of oppression, fraud, or malice.[4]

In interpreting this statute de novo, we will not look beyond the plain language when it is clear on its face. *Pub. Agency Comp. Trust v. Blake*, 127 Nev. ___, ___, 265 P.3d 694, 696 (2011); *Pankopf v. Peterson*, 124 Nev. 43, 46, 175 P.3d 910, 912 (2008). Here, the plain language of NRS 42.005(3), specifically the phrase "before the same trier of fact," indicates that a single judge or jury must determine *both* whether punitive damages should be assessed and, in a subsequent proceeding, the amount of such damages. NRS 42.005(3). Because this language is plain and clear, we decline to delve into legislative history. *Pankopf*, 124 Nev. at 46, 175 P.3d at 912. As for Betsinger's contention that NRS 42.005(3) necessarily leads to a retrial of the entire action, we disagree. In many instances, such as in this case's first trial, the fact-finder who determines whether compensatory damages are warranted will be the same one as determines liability for and the extent to which punitive damages are

---

[4]Betsinger also contends that DHI Mortgage should be barred by the law-of-the-case doctrine from arguing that the trial on remand violated NRS 42.005(3). "Th[is] doctrine only applies to issues previously determined, not to matters left open by the appellate court." *Wheeler Springs Plaza, LLC v. Beemon*, 119 Nev. 260, 266, 71 P.3d 1258, 1262 (2003). To the extent that Betsinger is contending that we determined in *Betsinger I* that a new trial was warranted on the *amount* of punitive damages only, we do not read *Betsinger I* as having made such a narrow determination.

warranted. Nevertheless, "[t]he issue of exemplary damages is separate and distinct from that of actual damages, for they are assessed to punish the defendant and not to compensate for any loss suffered by the plaintiff," *Brewer v. Second Baptist Church of L.A.*, 197 P.2d 713, 720 (Cal. 1948), and thus, we think, they may be tried separately on remand. Nothing in the statute purports to govern the procedure on remand, and there is no reason why issues concerning compensatory damages, already affirmed by this court in *Betsinger I*, must be relitigated to determine issues concerning the punitive damages sought.[5] *See Wickliffe v. Fletcher Jones of Las Vegas, Inc.*, 99 Nev. 353, 357, 661 P.2d 1295, 1297 (1983) (recognizing, without discussing any statutory language, that in a retrial on remand based on failure to give a punitive damages instruction, a litigant should not have to readdress issues concerning liability and amount of compensatory damages when those issues were not challenged on appeal), *superseded by statute on other grounds as stated in Countrywide Home Loans, Inc. v. Thitchener*, 124 Nev. 725, 741 n.39, 742-43, 192 P.3d 243, 253 n.39, 254-55 (2008).

But where, as in this case's second trial, the fact-finder is tasked only with making a determination regarding punitive damages, NRS 42.005(3) unambiguously requires that fact-finder to first determine whether punitive damages are warranted—*i.e.*, whether there is clear and convincing evidence of a defendant's oppression, fraud, or malice—before determining the amount of punitive damages to award. Thus, we agree

---

[5]While we agree with Betsinger that, in some instances, there will be an overlap of evidence presented in an initial trial and in a second trial ordered on remand for punitive damages only, we believe that this is the only reasonable application of NRS 42.005(3)'s unambiguous requirement.

with DHI Mortgage that the district court's interpretation and application of our remand instruction in *Betsinger I* deprived it of its right under NRS 42.005(3) to have the jury determine whether punitive damages were warranted. Even if the district court's instruction that the jury was to determine "what amount, if any, Mr. Betsinger is entitled to for punitive damages" may have permitted the jury to determine that $0 was an appropriate award, this instruction did not require the jury to make the threshold determination of whether punitive damages could be awarded. We emphasize that, under NRS 42.005(3), the trier of fact who determines the amount of punitive damages to be awarded must also make the initial determination of whether punitive damages are warranted.

*Attorney fees*

Finally, we consider D.R. Horton's separate appeal of the district court's order denying its post-remittitur motion for attorney fees as untimely. We conclude that the district court did not abuse its discretion in declining to award attorney fees under the offer of judgment rule. *Certified Fire Prot., Inc. v. Precision Constr., Inc.*, 128 Nev. ___, ___, 283 P.3d 250, 258 (2012); *Farmers Ins. Exch. v. Pickering*, 104 Nev. 660, 662, 765 P.2d 181, 182 (1988). In addition to reversing and remanding for determination of punitive damages as to DHI Mortgage, *Betsinger I* reduced the compensatory damages award against D.R. Horton to an amount less than its pretrial offer of judgment to Betsinger. 126 Nev. at 167, 232 P.3d at 436. However, after this reduction triggered D.R. Horton's ability to seek attorney fees, D.R. Horton waited nine months to file a motion for attorney fees, and did so the night before the second trial was to commence against DHI Mortgage. Thus, we cannot conclude that the district court abused its discretion in determining that D.R. Horton's

nine-month delay was unreasonable, and we affirm the district court's decision denying attorney fees to D.R. Horton.

*CONCLUSION*

Under NRS 42.005(3), a defendant is entitled to have the same finder of fact who determines the amount of punitive damages to be awarded also make the threshold determination of whether punitive damages are warranted. Because that did not happen here, we reverse and remand for a new trial on punitive damages.[6]

_____, J.
Cherry

We concur:

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Saitta

---

[6]Having considered all of the other issues raised by the parties, we conclude that they either lack merit or need not be addressed given our disposition of this appeal.