# IN THE SUPREME COURT OF THE STATE OF NEVADA

GALINA BRAME, AN INDIVIDUAL,
Appellant,
vs.
THE BANK OF NEW YORK MELLON,
F/K/A THE BANK OF NEW YORK, AS
TRUSTEE FOR THE
CERTIFICATEHOLDERS OF THE
CWMBS INC., CHL MORTGAGE PASS-
THROUGH TRUST 2005-03,
MORTGAGE PASS THROUGH
CERTIFICATES SERIES 2005-03, A
FOREIGN CORPORATION,
Respondent.

No. 77186

FILED

JAN 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court judgment in a real property action. Eighth Judicial District Court, Clark County; Richard Scotti, Judge.[1]

Respondent the Bank of New York Mellon (BNY) filed an action seeking to enforce the note secured by appellant Galina Brame's property. Because BNY did not have possession of the note, BNY sought to establish its right to enforce the note pursuant to NRS 104.3309. That statute allows a party to establish its right to enforce a lost instrument by showing that it or its predecessor in interest was entitled to enforce the instrument when it was lost. After a three-day bench trial, the district court found that BNY was entitled to enforce the note and issued a judgment to that effect. Brame

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

20-03340

seeks reversal, arguing that the district court's judgment is supported by insufficient evidence.

As a preliminary matter, Brame correctly asserts that the assignment of the deed of trust only demonstrates BNY's right to enforce the deed of trust, not the note. *See Edelstein v. Bank of New York Mellon*, 128 Nev. 505, 509, 517, 286 P.3d 249, 252, 257 (2011) (concluding that, when the note and deed of trust are split, a party "must be able to enforce *both* the promissory note *and* the deed of trust" in order to enforce the note by foreclosing (quoting *Leyva v. Nat'l Default Servicing Corp.*, 127 Nev. 470, 476, 255 P.3d 1275, 1279 (2011) (emphasis in original))). And the parties do not dispute that the previous holder of the note, Countrywide Home Loans, Inc. (Countrywide), endorsed it in blank such that the holder of the note would be entitled to enforce it. *See id.* at 523, 286 P.3d at 261 (recognizing that a note endorsed in blank is payable to the bearer of the note). Below, BNY produced a "lost note affidavit" from one of its servicers, Bank of America, N.A. (BANA),[2] indicating that either it or "its predecessor" was in possession of the note, but the note had been lost and could not be located despite BANA's good faith efforts. *See* NRS 104.3309(c). Because BANA purchased Countrywide in 2005, the parties also agree that, at a minimum, by referencing "its predecessor," the lost note affidavit confirms that Countrywide, and later BANA, was in possession of the note and that BANA had the right to enforce the note when it was lost. Thus, the only issue left for trial was whether BANA had transferred ownership of the note to BNY or if BANA was acting as BNY's servicer for the mortgage on the property such that BANA's possession of the note at the time it was lost

---

[2]Both BANA and Bayview Loan Servicing, LLC service Brame's loan for BNY.

SUPREME COURT
OF
NEVADA

(O) 1947A

would give BNY the right to enforce it. *See* NRS 104.3309(1)(a) (providing that a party can enforce a lost note if it can show either it was entitled to enforce it at the time it was lost or that it had acquired ownership of the note from another party that was entitled to enforce it at the time it was lost); *Edelstein*, 128 Nev. at 522, 286 P.3d at 261 (observing that a party may establish its right to enforce a note by showing that the note was endorsed to either it or its servicer).

At trial, BNY presented testimony from its current mortgage servicer and copies of a pooling and servicing agreement (PSA) and a loan list purported to be an exhibit to the PSA to prove its purchase of the note from Countrywide. As the PSA and loan list do not reference each other, and the PSA does not reference the Brame loan, BNY's witness testified that he could only connect those documents to the Brame loan because of an "acquisition screen" in his company's computer system. Brame argues that the district court was required to exclude all evidence regarding the acquisition screen because BNY did not disclose the acquisition screen's contents in its pretrial disclosures. *See* NRCP 16.1 (requiring disclosure of all evidence a party may use to support its claims or defenses); NRCP 37(c)(1) (stating that parties are generally not permitted to use evidence they failed to disclose under Rule 16.1). Brame further argues that, without the acquisition screen, the PSA and loan list are insufficient to show that BNY purchased the Brame loan from Countrywide such that the district court erred in finding that BNY had demonstrated its right to enforce the note. While we agree that BNY failed to produce the acquisition screen as required by NRCP 16.1, this does not require reversal because the district court's judgment does not indicate that it relied on the witness's testimony

SUPREME COURT
OF
NEVADA

(O) 1947A

regarding that screen in reaching its decision.[3] And, even if the court relied on the undisclosed information regarding the acquisition screen, we cannot say that the district court abused its discretion in doing so. *See M.C. Multi-Family Dev., LLC v. Crestdale Assocs., Ltd.*, 124 Nev. 901, 913, 193 P.3d 536, 544 (2008) (providing that this court generally reviews a decision to admit evidence for an abuse of discretion); NRCP 37(c)(1) (allowing a district court to admit previously undisclosed evidence at trial if "the failure [to disclose] was substantially justified or is harmless").

Moreover, there is a separate basis for affirming the district court's judgment that does not rely on the evidence challenged by Brame. BNY presented evidence that its servicer, BANA, had the right to enforce the note when it was lost. *See Edelstein*, 128 Nev. at 522, 286 P.3d at 261. BNY's current mortgage servicer's witness testified that, while it is the current servicer of the Brame loan, BANA remains the "master servicer" of the loan.[4] Thus, notwithstanding the PSA and loan list, the fact that BNY did not have physical possession of the note is of no consequence due to the agency relationship between BNY and BANA. *See id.* at 524, 286 P.3d at 262 (concluding that the bank was "entitled to enforce both the note and the deed of trust" because its trustee had physical possession of the note); *see also In re Montierth*, 131 Nev. 543, 548, 354 P.3d 648, 651 (2015) (holding that reunification of the note and the deed of trust is unnecessary where

---

[3]For this same reason, reversal is not warranted based on Brame's challenges to the PSA and loan list.

[4]While Brame generally argues that BNY did not present evidence showing that BANA held the note on BNY's behalf when the note was lost, she does not challenge the testimony that BANA was BNY's servicer when BNY was assigned the deed of trust on Brame's property, and remains so, and has produced no evidence to the contrary.

SUPREME COURT
OF
NEVADA

(O) 1947A

4

there is a principal-agent relationship between the holder of the note and the holder of the deed of trust). We are satisfied that the documentary evidence presented at trial, when coupled with the unchallenged witness testimony regarding BNY's relationship with BANA, satisfies the preponderance-of-the-evidence standard necessary for BNY to demonstrate its entitlement to enforce the lost note. *See Pack v. LaTourette*, 128 Nev. 264, 267, 277 P.3d 1246, 1248 (2012) (recognizing that this court will affirm the district court's judgment if the district court reached the right result); *Betsinger v. D.R. Horton, Inc.*, 126 Nev. 162, 165, 232 P.3d 433, 435 (2010) ("[A] preponderance of the evidence is all that is needed to resolve a civil matter unless there is clear legislative intent to the contrary."); NRS 104.3309 (showing no legislative intent to apply a different evidentiary standard for enforcement of a lost note). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[5]

_____ Pickering _____ , C.J.
Pickering

_____ Gibbons _____ , J.

_____ Douglas _____ , Sr. J.
Douglas

cc: Hon. Richard Scotti, District Judge
Janet Trost, Settlement Judge
Kern Law, Ltd.
ZBS Law, LLP
Eighth District Court Clerk

---

[5]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.