**136 Nev., Advance Opinion 16**

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| MONICA C. JONES,<br>Appellant,<br>vs.<br>U.S. BANK NATIONAL ASSOCIATION,<br>AS TRUSTEE FOR TBW MORTGAGE-<br>BACKED PASS-THROUGH<br>CERTIFICATES, SERIES 2006-3,<br>Respondent. | No. 78054<br><br>**FILED**<br><br>APR 0 2 2020<br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY<br>DEPUTY CLERK |

Appeal from a district court judgment in a real property action. Eighth Judicial District Court, Clark County; David Barker, Judge.

*Affirmed.*

Kern Law, Ltd., and Robert J. Kern, Las Vegas,
for Appellant.

Wright, Finlay & Zak, LLP, and R. Samuel Ehlers and Lindsay Robbins, Las Vegas,
for Respondent.

BEFORE GIBBONS, STIGLICH and SILVER, JJ.

*OPINION*

By the Court, STIGLICH, J.:

NRS 104.3309 provides a procedure to enforce a lost, destroyed, or stolen note. Under the statute's plain language, the enforcing party must show by a preponderance of the evidence that it either had the right to enforce the note when it lost possession or acquired ownership of the note

20-12555

from a party that had the right to enforce it, that the note was not lost as a result of a transfer or lawful seizure, and that the note cannot be reasonably obtained. As a matter of first impression, we hold this showing may be made by a lost-note affidavit and other secondary evidence as necessary to demonstrate, under the circumstances specific to that particular instrument, that the enforcing party is entitled to enforce the lost instrument. Because the NRS 104.3309 analysis is intrinsically fact-based, it should take into account all relevant considerations to determine whether an action may proceed in the absence of the original note.

In this case, respondent U.S. Bank acquired the deed of trust secured by appellant Monica Jones' residence and sought to foreclose on the defaulted loan. The original lender, however, did not execute an assignment of the note to U.S. Bank when the lender assigned the deed of trust to U.S. Bank, and the loan servicer swore an affidavit certifying that the note was lost. Because U.S. Bank presented evidence to meet its burden to show that the original note was lost, that it was entitled to enforce the note because it had been assigned the deed of trust and there was no evidence of an intent to transfer the deed of trust without the note, that Jones had defaulted, and that it was entitled to foreclose on the deed of trust, the district court correctly granted summary judgment in U.S. Bank's favor. Accordingly, we affirm.

*FACTS AND PROCEDURAL HISTORY*

Monica Jones purchased a residence using a mortgage loan. The note promised repayment to lender Taylor, Bean & Whitaker, and the deed of trust named as beneficiary Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Taylor, Bean & Whitaker. Taylor,

 

Bean & Whitaker went bankrupt in 2009, and Jones ceased making payments on her mortgage the same year.

The original note was lost. The loan servicer Ocwen Loan Servicing's 2016 lost-note affidavit certified that it was the authorized servicing agent and stated the note contents (borrower name, original lender, original loan amount, address of secured property, and date of note). Ocwen represented that it made a good-faith, diligent search to locate the original note and that the original note could not be reasonably obtained as it was not in Ocwen's possession and was either lost or destroyed. Ocwen further certified that it did not believe that the original note had been satisfied, pledged, assigned, transferred, lawfully seized, or hypothecated. MERS assigned the deed of trust to U.S. Bank in 2017.

U.S. Bank sought a judicial foreclosure and moved for summary judgment, attaching Ocwen's lost-note affidavit and a copy of the note that corroborated Ocwen's description of the note's terms. The district court granted summary judgment in favor of U.S. Bank, finding that U.S. Bank was entitled to enforce the note, entering a judgment against the property, and authorizing the foreclosure sale of the property. Jones appeals.

*DISCUSSION*

We review a district court's summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment under NRCP 56(c) was appropriate if the pleadings and other evidence on file, viewed in a light most favorable to Jones, demonstrated that U.S. Bank was entitled to judgment as a matter of law and that no genuine issue of material fact remained in dispute. *Id.* Further, statutory interpretation is a question of law that we review de novo. *Leven v. Frey*, 123 Nev. 399, 402, 168 P.3d 712, 714 (2007). "Generally, when a statute's

language is plain and its meaning clear, the courts will apply that plain language." *Id.* at 403, 168 P.3d at 715.

In order to foreclose, a party must be entitled to enforce both the deed of trust and the promissory note. *Edelstein v. Bank of N.Y. Mellon*, 128 Nev. 505, 520, 286 P.3d 249, 259 (2012). The Legislature has provided a procedure to enable a party that is entitled to enforce a note or other instrument to do so where the original instrument has been lost, destroyed, or stolen. *See* NRS 104.3309.[1] A party that does not possess a note may enforce it if (1) the party was entitled to enforce it when possession was lost or it acquired ownership from a prior owner who was entitled to enforce it when it was lost, (2) possession was not lost due to transfer or lawful seizure, and (3) the enforcing party cannot reasonably obtain possession of the note because it was destroyed, cannot be located, or is wrongfully possessed by an unknown person or a person who cannot be found or is not amenable to service. NRS 104.3309(1). The enforcing party must prove both the terms of the note and its right to enforce it by a preponderance of the evidence. *See* NRS 104.3309(2) (providing that "[a] person seeking enforcement of [a note] under [NRS 104.3309(1)] must prove the terms of the instrument and his or her right to enforce the instrument"); NRS 104.3103(1)(i) (defining "Prove" as meeting the burden of establishing a fact); NRS 104.1201(2)(h) (defining "Burden of establishing" as showing the existence of a fact by a preponderance); *cf. Betsinger v. D.R. Horton, Inc.*, 126 Nev. 162, 165, 232 P.3d 433, 435 (2010) ("[A] preponderance of the

---

[1]Before the Legislature's 2005 amendment, the statute permitted enforcement of a lost note only by the party that owned the note when it was lost. *See* 2005 Nev. Stat., ch. 439, § 6, at 1999. The 2005 amendment also permitted enforcement by another party that acquired ownership from the party that owned the note when it was lost. *See id.*

evidence is all that is needed to resolve a civil matter unless there is clear legislative intent to the contrary."). Lastly, the district court may not provide relief under this procedure unless the person required to pay under the note is adequately protected from claims on the note by a third party. NRS 104.3309(2).

Jones argues that U.S. Bank did not prove that it was entitled to foreclose because U.S. Bank did not show that it had possessed the note, had the note transferred to it, or had the right to enforce the note and that summary judgment was therefore improper.[2] U.S Bank counters that the MERS assignment sufficed to convey the right to foreclose on the defaulted mortgage. We agree with U.S. Bank. The deed of trust authorized MERS, acting as the beneficiary of the deed of trust and as the lender's agent, to assign the deed of trust to U.S. Bank. *See Edelstein*, 128 Nev. at 522, 286 P.3d at 260-61. Transferring a deed of trust, however, also transfers the obligation that it "secures unless the parties to the transfer agree

---

[2]We agree with U.S. Bank that Jones waived the statute of limitations challenge stated in the notice of appeal yet omitted from the appellate briefs, as Jones proffered no argument on this issue. *See Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. 156, 161 n.3, 252 P.3d 668, 672 n.3 (2011).

While U.S. Bank is also correct that Jones raises standing for the first time on appeal, Jones argued below that U.S. Bank was not entitled to enforce the note, which is the gravamen of Jones' challenge to U.S. Bank's standing. *See Edelstein*, 128 Nev. at 514, 286 P.3d at 255 (discussing standing to foreclose). As the district court had the opportunity to address the gravamen of Jones' challenge, U.S. Bank's argument that Jones did not argue standing below and thus waived it fails. *See Lum v. Stinnett*, 87 Nev. 402, 412, 488 P.2d 347, 353 (1971) (concluding that an argument was not waived where its gravamen had been argued below). Nevertheless, as Jones' standing challenge turns on U.S. Bank's entitlement to enforce the note, we focus our inquiry accordingly.

otherwise." *See id.* at 518, 286 P.3d at 258 (quoting Restatement (Third) of Prop.: Mortgages § 5.4(b) (1997)).

We look closely to the facts of the loan and its default in applying NRS 104.3309. We discern here that U.S. Bank has shown by a preponderance that the parties did not intend to deviate from the general presumption that the note traveled with the deed of trust based on the evidence below. *See Cogswell v. CitiFinancial Mortg. Co.*, 624 F.3d 395, 403 (7th Cir. 2010) (recognizing that foreclosure may proceed based on a lost-note affidavit accompanied by copies of the original instruments). The copy of the note, the deed of trust, the assignment to U.S. Bank, and the loan servicer's affidavit support the inference that all interested note and deed holders intended to convey the right to enforce the note to U.S. Bank with the right to enforce the deed of trust. The original lender is defunct, and there is no record of a transfer to a successor-in-interest other than U.S. Bank. And further, Jones stated at the summary judgment hearing that she did not know what entity had the right to receive payments on the note after the original lender ceased conducting business, indicating that no third party had since made claims on the note. The record thus offers little to suggest that another party will assert claims against Jones on the note, and U.S. Bank has committed to protect Jones against any such claimants as NRS 104.3309(2) requires. Jones' contention that U.S. Bank may not prevail unless the lost-note affidavit, standing alone, satisfied NRS 104.3309 is mistaken; although the affidavit may be used to meet the NRS 104.3309 elements, whether NRS 104.3309 has been satisfied is based on all of the evidence and exhibits submitted to the district court, not just the affidavit. *See A.I. Credit Corp. v. Gohres*, 299 F. Supp. 2d 1156, 1159 (D. Nev. 2004) (recognizing that the loss of a note does not alter the owner's

rights but renders secondary evidence necessary to prove the note's terms and enforce it). Accordingly, we conclude that in being assigned the deed of trust by the original deed of trust beneficiary and in the absence of evidence that the now-lost note had been transferred from the original lender, U.S. Bank showed that it acquired ownership of the note from the lender who was entitled to enforce the note when it was lost.

We conclude as well that U.S. Bank has shown by a preponderance that the note was not lost due to a transfer or lawful seizure and that the note cannot be located. U.S. Bank represented that it was not aware of any transfer of the note and that the note could not be located. The original deed of trust beneficiary's assignment of the deed of trust absent any indication that the deed of trust was being transferred split from the note supports the inference that the note had not been previously transferred or seized and that MERS was exercising its authority to transfer the note with the deed of trust. The attached lost-note affidavit certified that the loan servicer was not aware of any transfer of the note as well. Further, the conclusion that the note had not been transferred and could not be located is bolstered by Jones' representation that she did not know to whom to make mortgage payments, supporting an inference that no other party has claimed a right to enforce the note during the ten years that its debt has been in default. Accordingly, we conclude that the district court properly determined that U.S. Bank has satisfied NRS 104.3309 and may enforce the lost note.

## CONCLUSION

We conclude that U.S. Bank met its burden by producing a lost-note affidavit and other evidence to show by a preponderance that it had acquired the right to enforce the note from a party entitled to enforce it

when it was lost, that the note was not lost due to a prior transfer or lawful seizure, and that the note could not be located. U.S. Bank thus satisfied NRS 104.3309. As U.S. Bank was entitled to enforce the deed of trust and the note, it was entitled to seek a judicial foreclosure on Jones' default. We conclude that no genuine issues of material fact remained and accordingly affirm the district court's judgment.

_____, J.
Stiglich

We concur:

_____, J.
Gibbons

_____, J.
Silver