IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, AS ASSIGNEE OF FIRST NATIONAL BANK OF ARIZONA, Appellant, vs. REX ARCHAMBAULT, AN INDIVIDUAL, Respondent. | No. 78566 |

FILED

JUN 24 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a final judgment in a quiet title action.[1] Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge. We review a district court's legal conclusions following a bench trial de novo, but we will not set aside the district court's factual findings unless they are clearly erroneous or not supported by substantial evidence. *Wells Fargo Bank, N.A. v. Radecki*, 134 Nev. 619, 621, 426 P.3d 593, 596 (2018).

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n (Christine View)*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). Here, the district court determined that appellant failed to prove that Fannie Mae owned the loan secured by the first deed of trust and therefore the Federal Foreclosure Bar did not protect the first deed of trust. But we

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

20-23449

have concluded that evidence similar to what appellant introduced at trial satisfied NRS 51.135's standard for admissibility and was sufficient to establish that Fannie Mae owned the subject loan. *Daisy Tr. v. Wells Fargo Bank, N.A.*, 135 Nev. 230, 234-35, 445 P.3d 846, 850-51 (2019). We also reject respondent's argument—and the district court's apparent conclusion—that appellant had to produce a custodial agreement with the physical custodian of the note to prove Fannie Mae's ownership considering the other evidence appellant presented.[2] *See id.* at 234-35, 445 P.3d at 850-51. Consistent with *Daisy Trust*, we conclude that the district court erred in concluding that appellant did not prove that Fannie Mae owned the loan at issue in this case. *See Radecki*, 134 Nev. at 621, 426 P.3d at 596.

The district court also determined that the Federal Foreclosure Bar did not protect the first deed of trust because appellant, rather than Fannie Mae, was the record beneficiary of the deed of trust. But we concluded in *Daisy Trust* that Nevada law does not require Freddie Mac (or in this case Fannie Mae) to publicly record its ownership interest in the subject loan and the failure to do so therefore does not affect the application

---

[2]As we explained in *Daisy Trust*, possession of the original promissory note would not necessarily constitute better evidence of Fannie Mae's ownership of the loan. 135 Nev. at 234-35, 445 P.3d at 850. Additionally, although the district court took issue with perceived shortcomings in appellant's documentation regarding the party that sold the mortgage to Fannie Mae, Fannie Mae's business records and employee's testimony adequately showed the seller's ownership in the absence of contrary evidence. *See id.* at 236, 445 P.3d at 851 (providing that, pursuant to NRS 51.135, business records are trustworthy unless proven otherwise); *Betsinger v. D.R. Horton, Inc.*, 126 Nev. 162, 165, 232 P.3d 433, 435 (2010) ("Generally, a preponderance of the evidence is all that is needed to resolve a civil matter . . . ."). And the district court neither found the business records untrustworthy nor the employee's testimony incredible.

of the Federal Foreclosure Bar. 135 Nev. at 234, 445 P.3d at 849. In light of the foregoing, the district court's bases for determining that the HOA's foreclosure sale extinguished the deed of trust were erroneous. And, in the absence of contrary evidence, we reverse and remand this matter for the district court to enter judgment in favor of appellant. *See Christine View*, 134 Nev. at 272-74, 417 P.3d at 367-68; *Pink v. Busch*, 100 Nev. 684, 691, 691 P.2d 456, 461 (1984) ("[U]pon reversal, where the material facts have been fully developed at trial and are undisputed such that the issues remaining are legal rather than factual, we will . . . remand the case to the lower court with directions to enter judgment in accordance with [our order].").

It is so ORDERED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. Jerry A. Wiese, District Judge
Akerman LLP/Las Vegas
Hong & Hong
Fennemore Craig P.C./Reno
Eighth District Court Clerk