NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 10 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SILVIA REGINA LASKO; KEITH ALAN LASKO, <br><br> Plaintiffs-Appellants, <br><br> and <br><br> MOSQUE OF THE GOLDEN RULE; WORLDWIDE MINISTRIES OF ISLAM, <br><br> Plaintiffs, <br><br> v. <br><br> CALIBER HOME LOANS, INC.; et al., <br><br> Defendants-Appellees. | No.   20-17181 <br><br> D.C. No. 2:18-cv-01802-GMN-VCF <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted March 10, 2022[**]

Before:  D.W. NELSON, FERNANDEZ, and SILVERMAN, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Silvia and Keith Lasko appeal pro se the district court's orders dismissing their action under federal and Nevada law against Caliber Home Loans, Inc., and other defendants. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim. *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir 2019) (citation omitted). We review for an abuse of discretion the district court's application of judicial estoppel and its dismissal for failure to obey a court order. *Id*.; *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). We affirm.

Silvia Lasko is a proper party to this appeal because the signature of her spouse Keith Lasko on the notice of appeal was sufficient for both appellants. *See* Fed. R. App. P. 3(c)(2) ("A pro se notice of appeal is considered filed on behalf of the signer and the signer's spouse . . . unless the notice clearly indicates otherwise.").

The district court properly exercised its discretion in ruling that Claims 2-4, 10, and 24 were barred by judicial estoppel because the Laskos did not list these claims on their bankruptcy schedules. *See Hamilton*, 270 F.3d at 785.

The district court properly dismissed Claims 5-9, 11, and 22-23 for failure to state a claim. These claims relied on an invalid theory that the Laskos' promissory note was unenforceable under Nevada law because it was packaged into an investment security that severed the note from the deed of trust. *See Jones v. U.S.*

2

*Bank N.A.*, 460 P.3d 958, 961 (Nev. 2020); *Wood v. Germann*, 331 P.3d 859, 862 (Nev. 2014); *Edelstein v. Bank of New York Mellon*, 286 P.3d 249, 252 (Nev. 2012). Any challenge to a foreclosure was unripe because no foreclosure had taken place. *See Ass'n of Irritated Residents v. EPA*, 10 F.4th 937, 944 (9th Cir. 2021); *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 449 P.3d 461, 465 (Nev. 2019) ("A foreclosure sale may be set aside if the price obtained is greatly inadequate and the sale is affected by some irregularity, such as evidence of fraud . . ..").

The district court properly dismissed Claim 1, alleging a violation of a Nevada statute of limitations, and Claim 21, alleging a RICO violation in the removal of this action to federal court. *See United States v. Allahyari*, 980 F.3d 684, 686 (9th Cir. 2020) (a statute of limitations is an affirmative defense, not a cause of action), *cert. denied*, 2021 WL 4507849 (U.S. Oct. 4, 2021); 18 U.S.C. § 1961(1) (RICO predicates).

The district court properly exercised its discretion in dismissing Claims 12-20 pursuant to Federal Rule of Civil Procedure 41(b). *See* Fed. R. Civ. P. 41(b) (The district court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."); *Harris v. Hangum*, 863 F.3d 1133, 1142 (9th Cir. 2017) ("[W]hen a district court dismisses an action because the plaintiff has not filed an amended complaint after being given leave to do so and

has not notified the court of his intention not to file an amended complaint, [the court of appeals] may deem the dismissal to be for failure to comply with a court order based on Federal Rule of Civil Procedure 41(b).") (citations omitted). Our independent review of the record shows that the dismissal for failure to comply with a court order was not an abuse of discretion. *See Applied Underwriters*, 913 F.3d at 890 (listing five relevant factors); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1261-62 (9th Cir. 1992).

**AFFIRMED.**