MILDRED POWELL, APPELLANT, v. LIBERTY MUTUAL
FIRE INSURANCE COMPANY, RESPONDENT.

No. 55159

May 5, 2011                                                252 P.3d 668

[Rehearing denied July 1, 2011]
[En banc reconsideration denied September 20, 2011]

*Matthew L. Sharp*, Reno, for Appellant.

*Koeller Nebeker Carlson & Haluck, LLP*, and *Megan K. Dorsey* and *Ian P. Gillan*, Las Vegas, for Respondent.

Before Cherry, Gibbons and Pickering, JJ.

## OPINION

By the Court, Gibbons, J.:

Appellant Mildred Powell filed an insurance claim with respondent Liberty Mutual Fire Insurance Company to cover damage to her house. Liberty Mutual denied the claim, stating that the damage was excluded under the earth movement exclusion in Powell's insurance policy. Powell then filed a complaint against Liberty Mutual in the district court. The district court eventually granted Liberty Mutual's motion for partial summary judgment, concluding that the earth movement exclusion of the Liberty Mutual policy excluded coverage of the damage.

We must determine whether the earth movement exclusion in Powell's insurance policy with Liberty Mutual is enforceable to exclude coverage of the damage to Powell's house and whether the district court erred in granting summary judgment in favor of Liberty Mutual. First, because the earth movement exclusion is ambiguous, we must construe it against Liberty Mutual. Second, we consider whether *Schroeder v. State Farm Fire and Casualty Co.*, 770 F. Supp. 558 (D. Nev. 1991), which held that an earth move-

ment exclusion barred recovery for similar damages to those sustained here, was applicable to the present case. We conclude that because the policy in *Schroeder* is distinguishable from the policy here, *Schroeder*'s holding is inapplicable. Thus, we hold that Liberty Mutual's earth movement exclusion is ambiguous and must be enforced against it, that the district court erred in granting summary judgment, and that *Schroeder*'s holding is case specific. Accordingly, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

Powell owns a house in Northwest Reno and has a homeowner's insurance policy through Liberty Mutual. The policy has an earth movement exclusion, which states in pertinent part:

> We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.[1] . . . **Earth movement**, meaning earthquake including land shock waves or tremors before, during or after a volcanic eruption; landslide, mine subsidence; mudflow; earth sinking, rising or shifting.

The policy also has a settling clause, which further excludes losses caused by ''[s]ettling, shrinking, bulging or expansion, including resultant cracking, of pavements, patios, foundations, walls, floors, roofs or ceilings.''

In July 2005, a water pipe in Powell's house exploded, flooding the dirt sub-basement. Powell made a claim to Liberty Mutual because her house had suffered a shift in the foundation and had suffered extensive cracking and separation in the wall and ceiling in the area of the entryway, kitchen, and two bedrooms. She attributed this damage to the burst water pipe.

An expert chosen by Powell and hired by Liberty Mutual inspected the house and concluded that ''after many years of relative foundation stability, [the house] is currently being affected by the expansion of supporting clay soils. This expansion, while likely present in lesser degrees in the past, has been severely aggravated by the intrusion of a significant amount of water a short time ago . . . .'' Liberty Mutual denied Powell's claim, citing the earth movement exclusion in her policy. Powell asked Liberty Mutual to reconsider the claim, and it denied that request. Then, Powell hired two professors of civil engineering at the University of

---

[1]This lead-in clause is commonly referred to as an anti-concurrent clause, which is meant to exclude damage caused by an excluded peril even when covered perils also contributed to the damage. *See Alamia v. Nationwide Mut. Fire Ins. Co.*, 495 F. Supp. 2d 362, 368 (S.D.N.Y. 2007).

Nevada, Reno, to inspect the house, and these professors concluded that there was "no evidence of earth movement, subsidence, mudflow, earth sinking[,] rising or shifting," concluding that "the structural cracking in the house was caused by swelling of foundation clay facilitated by the access to water resulting from the water damage." Powell requested Liberty Mutual to reconsider her claim again, and Liberty Mutual denied the request.

After her requests for reconsideration were denied, Powell filed suit against Liberty Mutual in the Second Judicial District Court of Nevada, alleging breach of contract, breach of the duty of good faith and fair dealing, and breach of the Nevada Unfair Claims Settlement Practices Act.[2] Liberty Mutual filed a motion for partial summary judgment on the breach-of-contract and breach-of-the-duty-of-good-faith-and-fair-dealing claims. The district court granted the motion on the bad faith claim in part, but denied it on the breach of contract claim, finding that there were genuine issues of material fact as to what caused the damage to Powell's house.

Subsequently, both Liberty Mutual and Powell hired their own experts to inspect the house in preparation for trial, and both experts prepared reports. Liberty Mutual's expert opined that while the plumbing leak "may have contributed to the foundation settlement and associated distress to the residence[,] water from other sources, such as landscape irrigation, ponding adjacent to the foundation of the residence, and rainfall and snowfall, also contributed to the infiltration of moisture into the soil underlying the foundations of the residence." The expert thus concluded that "the magnitude of water infiltration and extent of resultant damage from the reported leak could not be evaluated." Powell's expert concluded that while some "lesser foundation movement" may have occurred throughout the life of the house, it was the "sudden wetting of the foundation soils from the water line rupture that resulted in the high level of damage now present."

Based on these expert's conclusions that the earth below Powell's house moved and was either the direct or indirect cause of the damage, Liberty Mutual submitted its renewed motion for partial summary judgment on the breach of contract claim. The district court, relying on *Schroeder*, granted this motion after finding that the policy explicitly excluded coverage for any damage caused directly or indirectly by soil movement. The district court then dis-

---

[2]Nevada's Unfair Claims Settlement Practices Act has been preempted as it applies to employee benefit plans only. *Brandner v. UNUM Life Ins. Co. of America*, 152 F. Supp. 2d 1219, 1228 (D. Nev. 2001); *Medford v. Metropolitan Life Ins. Co.*, 244 F. Supp. 2d 1120, 1126 (D. Nev. 2003).

missed the remaining claim of breach of the Nevada Unfair Claims Settlement Practices Act based on the two summary judgment orders. Powell appealed.

## DISCUSSION

In this case, the parties' arguments revolve around the breach of contract claim so we focus our opinion on that claim.[3] Powell argues that the district court erred in concluding that soil expansion caused by a water leak from a pipe fits within the scope of the earth movement exclusion, and that the conclusion in *Schroeder* should be applied and adopted here. We conclude that because the earth movement exclusion is ambiguous and must be construed against Liberty Mutual, soil expansion caused by a water leak from a pipe does not fall under the scope of the exclusion. Thus, the district court erred in granting Liberty Mutual summary judgment. We further conclude that *Schroeder* is case specific and distinguishable from the present case.

## I. *Standard of review*

The interpretation of an insurance policy presents a legal question, which we review de novo. *Farmers Ins. Exch. v. Neal*, 119 Nev. 62, 64, 64 P.3d 472, 473 (2003). We review summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). A court may grant summary judgment if the evidence does not create a genuine issue of material fact. *Id.* When considering a motion for summary judgment, the court

---

[3]Powell also challenges the dismissal of her NRS 686A.310 claim. Powell failed to present any argument on her NRS 686A.310 claim in her opening brief. Issues not raised in an appellant's opening brief are deemed waived. *See Bongiovi v. Sullivan*, 122 Nev. 556, 570 n.5, 138 P.3d 433, 444 n.5 (2006); *see also* NRAP 28(a)(8). However, it is our prerogative to consider issues a party raises in its reply brief, and we will address those issues if consideration of them is in the interests of justice. *See Joyce v. Explosives Technologies Intern.*, 625 N.E.2d 446, 449 (Ill. App. Ct. 1993); *Paquin v. Mack*, 788 N.W.2d 899, 906 (Minn. 2010). Because we ultimately conclude that there are still genuine issues of material fact regarding Powell's breach of contract claim and it seems that the district court based its dismissal of her NRS 686A.310 claim off the summary judgment of the breach of contract claim instead of considering the facts under the NRS 686A.310 claim independently, we conclude that there are still issues of fact regarding her NRS 686A.310 claim. Thus, we reverse the dismissal of Powell's NRS 686A.310 claim.

Powell did not challenge the partial summary judgment on the breach-of-good-faith-and-fair-dealing claim. Thus, we only reverse the summary judgment of the breach of contract claim and the dismissal of the NRS 686A.310 claim.

must view the evidence and any reasonable inferences in the light most favorable to the nonmoving party. *Id.*

II. *Because the earth movement exclusion is ambiguous and must be interpreted against Liberty Mutual, the district court erred in granting Liberty Mutual summary judgment*

Powell contends that the district court erred by deciding that the earth movement exclusion applied here. We agree and conclude that not only is the earth movement exclusion ambiguous and must be interpreted against Liberty Mutual, but also, if Liberty Mutual had intended for the earth movement exclusion to exclude damage caused by soil movement from a ruptured pipe, then it would have had to clearly include that in the earth movement definition and show that the earth movement exclusion unmistakably applied to the damage here. Thus, the district court erred in granting Liberty Mutual summary judgment.

If a provision in an insurance contract is unambiguous, a court will interpret and enforce it according to the plain and ordinary meaning of its terms. *Neal*, 119 Nev. at 64, 64 P.3d at 473. "The question of whether an insurance policy is ambiguous turns on whether it creates reasonable expectations of coverage as drafted." *United Nat'l Ins. Co. v. Frontier Ins. Co.*, 120 Nev. 678, 684, 99 P.3d 1153, 1157 (2004). Because the insurer is the one to draft the policy, an ambiguity in that policy will be interpreted against the insurer. *National Union Fire Ins. v. Reno's Exec. Air*, 100 Nev. 360, 365, 682 P.2d 1380, 1383 (1984). "While clauses providing coverage are interpreted broadly so as to afford the greatest possible coverage to the insured, clauses excluding coverage are interpreted narrowly against the insurer." *Id.* Ultimately, a court should interpret an insurance policy to "effectuate the reasonable expectations of the insured." *Id.*

A. *The earth movement exclusion is ambiguous*

Earth movement exclusions were historically included in insurance policies to protect insurance companies from having to pay out on policies when a catastrophic event caused damage to numerous policyholders. *Peters Tp. School Dist. v. Hartford Acc. & Indem.*, 833 F.2d 32, 35-36 (3d Cir. 1987). Quoting *Wyatt v. Northwestern Mutual Insurance Co. of Seattle*, 304 F. Supp. 781, 783 (D. Minn. 1969), the *Peters* court noted that

"the reason for the insertion of the exclusionary clause . . . in all risk insurance policies is to relieve the insurer from occasional major disasters which are almost impossible to predict and thus to insure against. There are earthquakes or

floods which cause a major catastrophe and wreak damage to everyone in a large area rather than an individual policy-holder. When such happens, the very basis upon which insurance companies operate is said to be destroyed. When damage is so widespread no longer can insurance companies spread the risk and offset a few or the average percentage of losses by many premiums."

*Id.* at 35 (alteration in original).

In considering earth movement exclusions, other jurisdictions have concluded that there is often an ambiguity as to what type of damage earth movement exclusions apply because such exclusions typically only list naturally occurring events in their definitions of what constitutes earth movement, but earth movement can be caused by unnatural events as well. *See Sentinel Associates v. American Mfrs. Mut. Ins.*, 804 F. Supp. 815, 818 (E.D. Va. 1992); *Fayad v. Clarendon Nat. Ins. Co.*, 899 So. 2d 1082, 1088 (Fla. 2005); *Henning Nelson Const. Co. v. Fireman's Fund*, 383 N.W.2d 645, 653 (Minn. 1986); *United Nuclear Corp. v. Allendale Mut. Ins.*, 709 P.2d 649, 652 (N.M. 1985). Therefore, these courts interpret earth movement exclusions broadly and in favor of the insured party. *See, e.g., Sentinel Associates*, 804 F. Supp. at 818. Using the rule of construction *ejusdem generis*[4] as a guiding principle, these courts have construed earth movement exclusions as referring only to naturally occurring events because the examples included in the definitions of earth movement are only natural events. *See, e.g., id.*

The earth movement exclusion in Liberty Mutual's insurance policy lists mine subsidence,[5] and earth sinking, rising, and shifting as examples of earth movement. Because mine subsidence is caused by human intervention from previous years,[6] and a generalized reference to earth sinking, rising, and shifting without clarifying the cause for such sinking, rising, or shifting could include both natural and human-caused events, not all of the examples listed are naturally occurring events. Therefore, the earth movement exclusion in the Liberty Mutual policy is even less clear than most earth movement exclusions regarding what is excluded because earth movement exclusions have historically applied to natural catastrophic events, but the Liberty Mutual policy includes a

---

[4]*Ejusdem generis* is "[a] canon of construction that when a general word or phrase follows a list of specific persons or things, the general word or phrase will be interpreted to include only persons or things of the same type as those listed." *Black's Law Dictionary* 535 (7th ed. 1999).

[5]"[M]ine subsidence is the lowering of strata overlying a . . . mine, including the land surface, caused by the extraction of underground [minerals]." *Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 474 (1987).

[6]*See Peters*, 833 F.2d at 36 (concluding that mine subsidence is a man-made event, not a naturally occurring event).

list of examples of mostly naturally occurring events as well as possibly human-caused events. Thus, the Liberty Mutual policy is ambiguous as to what precisely earth movement is when it is not a type of widespread, calamitous event.

Liberty Mutual argues that the settling clause would exempt coverage here. However, the district court based its decision on the earth movement exclusion, not the settling clause. Further, the ambiguity in the earth movement exclusion is not clarified by the language in the settling clause. Other jurisdictions have interpreted similar settling clauses that exclude damage caused by settling, shrinking, bulging, or expansion of soils as referring to gradual, natural processes that cause damage. *See Boston Co. Real Estate Counsel v. Home Ins. Co.*, 887 F. Supp. 369, 373 (D. Mass. 1995); *Winters v. Charter Oak Fire Ins. Co.*, 4 F. Supp. 2d 1288, 1295 (D.N.M. 1998); *Holy Angels Academy v. Hartford Ins. Group*, 487 N.Y.S.2d 1005, 1007 (Sup. Ct. 1985). Thus, in accordance with other jurisdictions' interpretation of similar settling clauses, the language of the settling clause in Powell's policy would seem to support an interpretation that the earth movement exclusion only applies to naturally occurring events, instead of clarifying that it applies to both naturally occurring events and man-made events. Yet, Liberty Mutual's earth movement exclusion lists both naturally occurring events and man-made events as examples. We conclude that not only is the earth movement exclusion ambiguous and must be interpreted against the insurer, Liberty Mutual, but the settling clause does not help clarify that ambiguity.

B. *If an insurance company wishes to deny coverage under an exclusion in the insurance policy, it must show that the exclusion clearly applies to the damage*

Because ambiguities in insurance policies must be interpreted against the insurer, if an insurer wishes to exclude coverage by virtue of an exclusion in its policy, it must (1) write the exclusion in obvious and unambiguous language in the policy, (2) establish that the interpretation excluding covering under the exclusion is the only interpretation of the exclusion that could fairly be made, and (3) establish that the exclusion clearly applies to this particular case. *See Alamia v. Nationwide Mut. Fire Ins. Co.*, 495 F. Supp. 2d 362, 367 (S.D.N.Y. 2007). This is especially important in policies that include anti-concurrent clauses, such as the one included in Powell's policy, because anti-concurrent clauses are often broad and used to deny coverage in numerous different instances. While such clauses are valid, they require sufficient clarity as to what is specifically excluded from the policy. Because the anti-

concurrent clause in Powell's policy is not sufficiently clear, it does not clear up the ambiguity of the earth movement exclusion.

If Liberty Mutual had wished to exclude damage sustained as a result of soil movement from a burst pipe under its earth movement exclusion, it should have drafted a more explicit exclusion. Some insurance policies have clarified exactly what is excluded by their earth movement exclusion. These policies specify that earth movement can be due to either natural or unnatural causes. *See Alamia*, 495 F. Supp. 2d at 365; *Liebel v. Nationwide Ins. Co. of Florida*, 22 So. 3d 111, 113 (Fla. Dist. Ct. App. 2009). Some insurance policies have also specified that earth movement is not limited to a list of examples, and that no matter what causes the earth movement, if the earth moves, the damage is excluded. *See Chase v. State Farm Fire and Cas. Co.*, 780 A.2d 1123, 1126 (D.C. 2001); *Boteler v. State Farm Cas. Ins. Co.*, 876 So. 2d 1067, 1068-69 (Miss. Ct. App. 2004); *Alf v. State Farm Fire and Cas. Co.*, 850 P.2d 1272, 1273 (Utah 1993).

Because the Liberty Mutual policy does not include clear and unambiguous language, subject to only one interpretation, that clearly excludes the damage here, Liberty Mutual is unable to deny coverage of the claim if the district court determines that the claim stems from damage caused by soil movement as a direct result of the ruptured pipe. Thus, we conclude the district court erred in granting Liberty Mutual summary judgment.[7]

III. *The district court erred by relying on Schroeder v. State Farm Fire and Casualty Company*

Powell contends that the district court erred by relying on *Schroeder*, 770 F. Supp. 558, to support its conclusion that Liberty Mutual properly disclaimed coverage. We agree.

In *Schroeder*, a pipe ruptured, saturating the soil with water and causing the soil to settle, which ultimately damaged a building insured by a State Farm insurance policy. *Id.* at 559. The policyholder's claim was denied under the earth movement exclusion in the policy, which stated:

> We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. *We do not insure for such loss re-*

---

[7]Powell also argued in the alternative that even if the earth movement exclusion was unambiguous, there was a genuine issue of material fact concerning what the proximate cause of the damage was. As we conclude that the district court erred in granting Liberty Mutual summary judgment because the earth movement exclusion was ambiguous, we do not address Powell's alternative argument.

> *gardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss:*
>
> b. earth movement, meaning the sinking, rising, shifting, expanding or contracting of earth, all whether combined with water or not. **Earth movement includes but is not limited to earthquake, landslide, erosion, and subsidence but does not include sinkhole collapse . . . .**

*Id.* at 560. *Schroeder* concluded that earth movement can include non-natural events, and that no matter what the cause, if earth movement is involved, coverage is denied. *Id.*

The district court granted Liberty Mutual summary judgment under the rationale that there was no reason to depart from the holding in *Schroeder*, especially because the facts were similar to those in *Schroeder*. However, the earth movement exclusion in *Schroeder* is distinguishable from the earth movement exclusion in Powell's policy. First, the policy in *Schroeder* was drafted differently than the policy here, and many courts have concluded that certain damage is excluded under earth movement exclusions in policies similar to the one in *Schroeder*. *See, e.g., Chase,* 780 A.2d at 1126. *Schroeder*'s earth movement definition is not all-inclusive because it contains the language "includes but is not limited to," whereas Liberty Mutual's policy simply states "including." As such, the earth movement exclusion in *Schroeder* clearly applies to other events than those listed as examples in its earth movement definition and Liberty Mutual's does not. Second, *Schroeder*'s lead-in clause clearly states that it does not matter what caused the earth to move, if there is earth movement, the damage caused by that movement is excluded. When reading *Schroeder*'s lead-in clause and earth movement definition, one can discern what damage was excluded. Further, *Schroeder*'s earth movement definition includes earth movement combined with water, whereas Liberty Mutual's earth movement definition does not.

The conclusions reached by the court in *Schroeder* were based on the specific language of the policy at issue in that case. Simply because the damage to Powell's house might be excluded under the *Schroeder* policy does not mean it is excluded under the Liberty Mutual policy at issue in this case. Thus, we conclude the district court erred in relying on *Schroeder*.

### CONCLUSION

In summary, we reverse the order of the district court concluding that (1) whether soil movement caused by a ruptured pipe is included in the scope of the earth movement exclusion is ambigu-

ous, thus the exclusion must be interpreted against Liberty Mutual; (2) the district court erred in granting Liberty Mutual summary judgment on the breach of contract claim; and (3) the district court erred in relying on *Schroeder* because it is factually distinguishable. As such, in the interests of justice, we also reverse the district court's dismissal of the Nevada Unfair Claims Settlement Practices Act claim as it was based on the summary judgment of the breach of contract claim. Accordingly, we reverse the judgment of the district court and remand this matter for proceedings consistent with this opinion.

CHERRY and PICKERING, JJ., concur.