# IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICOY BAY LLC SERIES 9014
SALVATORE STREET,
Appellant,
vs.
U.S. BANK N.A., AS TRUSTEE FOR
GSAA HOME EQUITY TRUST 2007-1;
AND MICHELLE L. WISE,
Respondents.

No. 74217

FILED

OCT 12 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

Having considered the parties' arguments and the record, we conclude that the district court properly granted summary judgment for respondents. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court's decision to grant summary judgment). In particular, we agree with the district court's determination that, because the HOA failed to give the statutorily-required notice of the trustee's sale to Bank of America, the sale was void and title remained with respondent U.S. Bank as Bank of America's successor-in-interest. *See SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 134 Nev., Adv. Op. 58, 442 P.3d

18-40173

1248, 1252 (2018) (holding that NRS 116.31168(1),[1] via its total incorporation of NRS 107.090, required an HOA to "provide notice to the holder of the first security interest as a subordinate interest"). Here, because the deed of trust was subordinate to the HOA's lien, the HOA was required to give notice of the trustee's sale to the first deed of trust holder, Bank of America, regardless of whether Bank of America requested such notice. *See id.* Accordingly, appellant Saticoy Bay's argument to the contrary does not provide a reason to overturn the district court's decision.

We further agree with the district court's conclusion that, because the sale was void, the purchaser's status as a bona fide purchaser for value was inconsequential, as bona-fide-purchaser status cannot validate an otherwise void sale.[2] *See* Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7:21 (6th ed. 2014) ("Some defects are so substantial that they render the sale *void*. In this situation, neither legal nor equitable title transfers to the sale purchaser or subsequent grantees . . . . For example, a sale [is] void when . . . the [lienholder] did not give the statutorily-required notice . . . ."); *Terry L. Bell Generations Tr. v. Flathead Bank of Bigfork*, 302 P.3d 390 (Mont. 2013) ("[A]n attempted sale of property which has not been properly noticed

---

[1]The relevant provisions of NRS Chapter 116 were amended in 2015 but we agree with the parties that the pre-2015 versions of the pertinent statutes apply in this case.

[2]We decline to address Saticoy Bay's argument that the sale was voidable, rather than void, because that argument was not raised in its opening brief. *See Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. 156, 161 n.3, 252 P.3d 668, 672 n.3 (2011) (providing that arguments not raised in an opening brief are deemed waived).

is void."). Thus, Saticoy Bay's bona-fide-purchaser argument likewise does not provide a basis for reversal. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc: Hon. Ronald J. Israel, District Judge
Law Offices of Michael F. Bohn, Ltd.
Gerrard Cox & Larsen
Michelle L. Wise
Eighth District Court Clerk