**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NATIONAL FIRE & MARINE
INSURANCE COMPANY,

        Plaintiff-counter-
        defendant-Appellee,

v.

SCOTT HAMPTON, as Heir, Executor
and Personal Representative of the
ESTATE OF DIANA HAMPTON,
individually and on behalf of his minor
children I.S. and S.M.,

        Defendant-Appellant,

 and

STEVEN A. HOLPER,

        Defendant-counter-claimant.

No.   19-17235

D.C. No.
2:18-cv-01338-JCM-BNW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted October 19, 2020[]
San Francisco, California

Before: THOMAS, Chief Judge, and KELLY[***] and MILLER, Circuit Judges.

Intervenor Defendant-Appellant Scott Hampton, as a representative of the estate of Diana Hampton ("the Estate"), appeals the district court's decision granting Plaintiff-Appellee National Fire & Marine Insurance Co.'s ("National Fire") motion for summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts of this case, we need not recount them here.

We review orders granting motions for summary judgment *de novo*, *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1202 (9th Cir. 2016), and we review a district court's interpretation of contract provisions *de novo*, *Flores v. Lynch*, 828 F.3d 898, 905 (9th Cir. 2016). We review a district court's denial of discovery under Federal Rule of Civil Procedure 56(d) for abuse of discretion. *Atay v. Cnty. of Maui*, 842 F.3d 688, 698 (9th Cir. 2016).

1.      Under Nevada law, for an insurer to avoid coverage under a policy exclusion, it must "(1) write the exclusion in obvious and unambiguous language

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

in the policy, (2) establish that the interpretation excluding covering under the exclusion is the only interpretation of the exclusion that could fairly be made, and (3) establish that the exclusion clearly applies to [the] particular case." *Powell v. Liberty Mut. Fire Ins. Co.*, 252 P.3d 668, 674 (Nev. 2011).

Applying these three elements, the district court properly granted summary judgment. The language of the professional liability insurance policy obviously and unambiguously excludes coverage for "[a]ny loss arising from, or in connection with . . . any event, health care event, or managed care event when intertwined with, or inseparable from . . . any willful violation of any law, statute, or regulation." (emphasis omitted). There is only one fair interpretation of this exclusion: it excludes coverage for willful violations of the law. Contrary to the Estate's arguments, this interpretation does not render the policy illusory. The policy does not exclude coverage for malpractice; it excludes coverage only for *willful* violations of the law. The exclusion therefore clearly applies to this case. The wrongful death complaint alleges, and Steven Holper's plea agreement supports, that Holper willfully violated federal controlled substances laws, including 21 U.S.C. § 841(a)(1) and (b)(1)(C), and that this violation resulted in the death of Diana Hampton. The Estate has not adduced evidence to the contrary

3

that would create a genuine dispute of material fact. *See Scott v. Harris*, 550 U.S. 372, 380 (2007). Thus, coverage under the policy is excluded.

Because coverage is clearly precluded, the district court properly relieved National Fire of its duty to defend and indemnify Holper in the wrongful death action. National Fire has no duty to defend because "there is no *potential* for coverage," *United Nat'l Ins. Co. v. Frontier Ins. Co., Inc.*, 99 P.3d 1153, 1158 (Nev. 2004) (quoting *Bidart v. Am. Title Ins. Co.*, 734 P.2d 732, 734 (Nev. 1987)), under the policy, and it has no duty to indemnify because "the insured's activity and the resulting loss or damage [do not] *actually* fall within the . . . policy's coverage," *id.* (citation and quotation marks omitted).

2.  Under Federal Rule of Civil Procedure 56(d), when a litigant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition to [summary judgment]," the district court may: "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *Atay*, 842 F.3d at 698 (quoting Fed. R. Civ. P. 56(d)). "The burden is on the party seeking a Rule 56(d) continuance 'to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment.'" *Id.*

4

(quoting *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001)).

The district court did not abuse its discretion by denying the Estate leave to conduct further discovery under Rule 56(d) before granting summary judgment. The affidavit the Estate submitted in support of its request sought discovery related only to Holper and Hampton's doctor-patient relationship and the cause of Hampton's death; it did not seek any information necessary to accurately interpret the terms of Holper's professional liability insurance policy such that the discovery would preclude summary judgment.

3.    Finally, the Estate's public policy arguments do not require us to reach a different result. The Nevada Supreme Court has held that public policy considerations do not disfavor "the enforcement of intentional, criminal, and sexual act exclusions in professional liability policies." *Rivera v. Nev. Med. Liability Ins. Co.*, 814 P.2d 71, 74 (Nev. 1991).

**AFFIRMED.**