# IN THE SUPREME COURT OF THE STATE OF NEVADA

RICARDO FOJAS,
Appellant,
vs.
CITIMORTGAGE, INC.,
Respondent.

No. 76970

FILED

NOV 13 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER VACATING JUDGMENT AND REMANDING

This is an appeal from a district court summary judgment in a real property action. Eighth Judicial District Court, Clark County; William D. Kephart, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we vacate and remand.[1]

In *9352 Cranesbill Trust v. Wells Fargo Bank, N.A.*, 136 Nev. 76, 78-79, 459 P.3d 227, 230 (2020), this court held that payments made by a homeowner could cure the default on the superpriority portion of an HOA lien such that the HOA's foreclosure sale would not extinguish the first deed of trust on the subject property. Whether a homeowner's payments actually cure a superpriority default, however, depends upon the actions and intent of the homeowner and the HOA and, if those cannot be determined, upon the district court's assessment of justice and equity. *See id.* at 80, 459 P.3d at 231 (explaining that "[i]f neither the debtor nor the creditor makes a

---

[1] Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-41488

specific application of the payment, then it falls to the [district] court to determine how to apply the payment").

In this case, the district court correctly determined that the homeowner's payments could cure the default on the superpriority portion of the HOA's lien. However, the district court erred in concluding that the homeowner's payments cured the superpriority default without analyzing the intent of the homeowner and HOA and, if appropriate, the equities as discussed in *9352 Cranesbill*. While we recognize that the district court did not have the benefit of that opinion when entering its decision in this matter, we still must vacate the summary judgment and remand for further proceedings in line with that opinion, despite respondent's assertions to the contrary. Because appellant's purported status as a bona fide purchaser for value may be irrelevant on remand, we decline to address the issue at this time.[2] *See 9352 Cranesbill Tr.*, 136 Nev. at 82, 459 P.3d at 232 (declining to address bona-fide-purchaser status when issues regarding tender remained); *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 612,

---

[2]We also decline to address appellant's arguments regarding equitable considerations and the admissibility of evidence, as we have already determined that the district court's judgment must be vacated and the case remanded for further proceedings based on *9352 Cranesbill Trust*. We decline to address appellant's assertion that the HOA is liable because that was not raised below. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (providing that we need not consider arguments that were not raised below). And any argument regarding the district court lacking discretion to allocate the homeowner's payments because the HOA had already done so was waived as it was not raised in the opening brief. *See Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. 156, 161 n.3, 252 P.3d 668, 672 n.3 (2011).

427 P.3d 113, 121 (2018) (providing that a party's status as a bona fide purchaser "is irrelevant when a defect in the foreclosure proceeding renders the sale void," such as a valid tender). In light of the foregoing, we

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc: Hon. William D. Kephart, District Judge
Ricardo Fojas
Aldridge Pite, LLP
Eighth District Court Clerk