IN THE SUPREME COURT OF THE STATE OF NEVADA

COMSTOCK RESIDENTS
ASSOCIATION; AND JOE MCCARTHY,
Appellants,
vs.
LYON COUNTY BOARD OF
COMMISSIONERS; AND COMSTOCK
MINING INCORPORATED,
Respondents.

No. 79445

FILED

JAN 1 1 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a complaint for declaratory and injunctive relief in a land use matter. Third Judicial District Court, Lyon County; Robert E. Estes, Judge.

In 2013, respondent Comstock Mining Inc. (CMI) applied for an amendment to the Lyon County Master Plan to allow CMI to mine on its property.[1] The amendment asked respondent Lyon County Board of Commissioners to change the land-use and zoning designations of approximately 87 acres of CMI's land. Two commissioners on the Board, Vida Keller and Bob Hastings, had personal interests related to CMI. Keller's husband performed contract work for CMI and its non-profit organization, including structural repairs to historic buildings, restoration projects in Storey County, and construction consulting. Hastings' wife and his daughter's boyfriend worked for CMI and CMI donated to Hastings's campaign for Lyon County Commissioner. The Board held a public hearing to discuss CMI's application. Before the Board discussed the application, Commissioners Keller and Hastings disclosed their relationships with CMI.

---

[1]We do not recount the facts except as necessary to our disposition.

SUPREME COURT
OF
NEVADA

(O) 1947A

The Board ultimately voted to approve the amendment to the Master Plan and CMI's proposed zoning changes.

Appellant Comstock Residents Association (CRA) filed a complaint for declaratory and injunctive relief/petition for writ of mandate or judicial review, alleging, among other things, that Commissioners Keller and Hastings were financially tied to CMI and thus their failure to abstain from the vote violated CRA's due process rights. The district court dismissed CRA's due process claim, concluding that CRA failed to state a claim upon which relief could be granted. On appeal, this court reversed and remanded for further proceedings on the claim, concluding that CRA's complaint satisfied Nevada's liberal pleading standard. On remand, the parties conducted discovery and chose to forego an evidentiary hearing by submitting the matter to the district court for final judgment on the briefs. The district court found in favor of the respondents and CRA appealed.

*The district court correctly applied NRS 281A.420*

Although the parties submitted the matter to the district court for a final judgment on the briefs, the district court, in rendering its decision, nevertheless made factual findings as it would in a bench trial. We review factual findings deferentially and they will be upheld if supported by substantial evidence. *Weddell v. H20, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012). "Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal citation omitted). We review legal conclusions de novo. *Id.*

In the context of this appeal, we conclude that the requirements in NRS 281A.420 satisfy any applicable due process rights. NRS 281A.420(1) requires a public officer to disclose information about a significant pecuniary interest before voting on any matter concerning that interest. However, it does not require a public officer to disclose reported

campaign contributions.[2] NRS 281A.420(2). Moreover, a public officer may not vote on a matter where their private interest would materially affect "the independence of judgment of a reasonable person" in their situation. NRS 281A.420(3). Public officers, however, are presumed to be independent from their private interests. NRS 281A.420(4)(a). Moreover, public policy disfavors abstention. NRS 281A.420(4)(b) (explaining that "abstention by a public officer disrupts the normal course of representative government and deprives the public and the public officer's constituents of a voice in governmental affairs.").

The district court concluded that "there was no significant pecuniary interest . . . that would require recusal under [NRS 281A.420]" and that the commissioners "properly disclosed their pecuniary and other interests with CMI, none of which give rise to a finding that abstention was required." We agree, because substantial evidence supports the district court's conclusion and the facts do not present an extraordinary circumstance warranting reversal as in *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868 (2009).

Regarding Commissioner Keller, the evidence shows that while a pecuniary relationship warranting disclosure existed, Keller properly disclosed her relationship with CMI before voting on CMI's application, consistent with NRS 281A.420(1). Further, the district court properly determined that abstention was not required. The record shows that CMI hired Keller's husband, Scott, because of his qualifications as a carpenter, not because he was married to Commissioner Keller. Nothing in the record suggests that there was a quid-pro-quo agreement whereby Scott would lose

---

[2]Candidates for office are required to file public contributions and expense reports pursuant to NRS 294A.120.

his job if CMI's application failed. Nor does it indicate that the Kellers had a direct stake in the outcome of CMI's application. Therefore, nothing in the record rebuts the presumption of independence from private interests under NRS 281A.420(4). While CRA alleges that CMI's contract with Keller's husband guaranteed the same income regardless of the number of hours worked, that contention ignores Scott Keller's deposition testimony where he recounted all the work performed and the numerous responsibilities listed under the contracts. Moreover, CRA submitted its case on the briefs, and thus waived its right to cross-examination and ability to challenge the credibility of Scott's testimony or the contents of the contracts, aside from that done in the depositions whose transcripts the parties submitted. Thus, we accept the evidence as presented. Accordingly, we conclude that substantial evidence supports the district court's finding that Keller was not required to abstain after making the required disclosures.[3]

Similarly, we conclude that substantial evidence supports the district court's finding that Commissioner Hastings was not obligated to recuse. Hastings publicly disclosed CMI's campaign contributions (although he was not required to do so), and those contributions did not require his recusal under NRS 281A.420(3). CRA's argument here focuses on CMI's—and related companies'—$17,500 donation to Hastings' campaign for Lyon County Commissioner.[4] CRA characterizes this as an

---

[3]While not binding, we note that the Nevada Commission on Ethics reviewed Keller's actions at this Board meeting and concluded that Keller did not violate NRS 281A.

[4]On appeal, CRA does not argue that Hastings' wife's and daughter's boyfriend's employment with CMI required recusal. Accordingly, we do not address it. *See Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. 156, 161 n.3,

"unprecedented" donation for a campaign for this position. While this amount did exceed the average contribution in previous years, this particular race was highly funded, with both candidates raising approximately equal sums.[5] Therefore, comparing CMI's contribution to previous years is inapposite. Moreover, CMI's contributions were not directly related to the Board's approval of CMI's application, as they predate Hastings' election and the Board's consideration of CMI's application. Further, receipt of campaign contributions alone is insufficient to overcome the presumption against abstention in light of Nevada's public policy disfavoring abstention. *See* NRS 281A.420(4). Therefore, we conclude that substantial evidence supports the district court's finding that Hastings was not required to abstain after making the required disclosures.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

---

252 P.3d 668, 672 n.3 (2011) (providing that arguments not raised on appeal are deemed waived).

[5]Commissioner Hastings received $29,500 in campaign contributions and his opponent received $25,700.

cc: Chief Judge, The Third Judicial District Court
Hon. Robert E. Estes, Senior Judge
John L. Marshall
Allison MacKenzie, Ltd.
Lyon County District Attorney
Third District Court Clerk

Supreme Court
OF
Nevada

(O) 1947A