NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRAD KEARNS; ELIZABETH KEARNS,

Plaintiffs - Appellants,

v.

LIBERTY INSURANCE CORPORATION,

Defendant - Appellee.

No. 24-2945

D.C. No.
3:24-cv-00060-MMD-CSD

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted March 31, 2025[**]
San Francisco, California

Before: HURWITZ, KOH, and JOHNSTONE, Circuit Judges.
Dissent by Judge KOH.

In this diversity action, Brad and Elizabeth Kearns ("Plaintiffs") assert that

their insurer, Liberty Insurance Corporation, breached a homeowner's insurance

policy (the "Policy") by refusing to pay more than twelve months of loss-of-use

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

coverage after a tree fell on the Plaintiffs' residence in Stateline, Nevada. The district court found that the Policy unambiguously limited loss-of-use coverage to twelve months following the date of loss and dismissed the complaint. We have jurisdiction of the Plaintiffs' appeal under 28 U.S.C. § 1291. We review de novo a district court's grant of a motion to dismiss under Rule 12(b)(6), its interpretation of an insurance contract, and its determination that a contract is unambiguous. *Trishan Air, Inc. v. Fed. Ins. Co.*, 635 F.3d 422, 426–27 (9th Cir. 2011); *Aetna Cas. & Sur. Co. v. Pintlar Corp.*, 948 F.2d 1507, 1511 (9th Cir. 1991). We affirm.

1.    Four parts of the Policy are relevant. The Declarations Page provides coverage for the Plaintiffs' residence for "Loss of Use of Insured Location" ("Coverage D"), with a limit of "Actual Loss Sustained." The "LibertyGuard Deluxe Homeowners Policy" form contains a section titled "Coverage D – Loss of Use." This section, however, was expressly "deleted and replaced" by a section in the applicable "Special Provision – Nevada" Endorsement, which states:

> The limit of liability for Coverage D is the total limit for all the coverages that follow.
>
> 1. If a loss covered under this Section makes that part of the "residence premises" where you reside not fit to live in, we cover Additional Living Expense. Additional Living Expense means any necessary increase in living expenses incurred by you so that your household can maintain its normal standard of living.
>
>   Payment will be for the shortest time required to repair or replace the damage or to permanently relocate your household elsewhere. . . .

Finally, the "HomeProtector Plus Endorsement" contains a section titled "Increased Limit – Coverage D," which states:

> We will pay the amount of loss covered by Coverage D which is actually sustained by you during the 12 consecutive months following the date of loss, subject to the periods of time under . . . Coverage D – Loss of Use.

Plaintiffs assert that the Policy is ambiguous as to the duration of loss-of-use benefits because the twelve-month limit in the HomeProtector Plus Endorsement conflicts with the general statement in the Declarations Page that the limit of liability for Coverage D is "Actual Loss Sustained." We disagree. The Declarations Page simply lists the limits of liability for the various types of coverage included in the policy; the amount of Coverages A-C and E-F is limited to a specific dollar figure, and the amount of Coverage D is limited to "Actual Loss Sustained." This does not abrogate the express provision in the HomeProtector Plus Endorsement limiting the temporal scope of that coverage. Indeed, such a reading would render the HomeProtector Plus Endorsement nugatory. *See Bielar v. Washoe Health Sys., Inc.*, 306 P.3d 360, 364 (Nev. 2013); *see also Farmers All. Mut. Ins. Co. v. Miller*, 869 F.2d 509, 512 (9th Cir. 1989).

2. Plaintiffs also assert that the Policy is ambiguous because the HomeProtector Plus Endorsement limits benefits to twelve months from the date of loss, while the Nevada Endorsement provides for loss-of-use benefits during the

24-2945

shortest time required to complete repairs, which could be longer than twelve months.

Again, we disagree. When considered in "their plain, ordinary and popular sense," these two Policy terms do not create "multiple reasonable expectations of coverage." *Century Sur. Co. v. Casino W., Inc.*, 329 P.3d 614, 616 (Nev. 2014) (en banc) (cleaned up). The HomeProtector Plus Endorsement, which cross-references the Nevada Endorsement, unambiguously states that Liberty will pay loss-of-use benefits only during the twelve months following the date of loss. Read together, the two provisions unambiguously set a twelve-month limit on reimbursement for loss-of-use, subject to shortening if the property is repaired or the insured moves sooner.

**AFFIRMED**.

*Kearns v. Liberty Insurance Corp.*, No. 24-2945

KOH, Circuit Judge, dissenting:

I respectfully dissent. Under Nevada law, "[i]f a term in an insurance policy is ambiguous, it will be construed against the insurer." *Fourth St. Place v. Travelers Indem. Co.*, 270 P.3d 1235, 1239 (Nev. 2011). Grants of insurance coverage are to be construed broadly, whereas "clauses excluding coverage," such as the HomeProtector Plus Endorsement, "are interpreted narrowly against the insurer." *Century Sur. Co. v. Casino W., Inc.*, 329 P.3d 614, 616 (Nev. 2014) (en banc) (citation omitted). This rule requires the insurer to "(1) draft the exclusion in 'obvious and unambiguous language,' (2) demonstrate that the interpretation excluding coverage is the only reasonable interpretation of the exclusionary provision, and (3) establish that the exclusion plainly applies to the particular case before the court." *Id.* (quoting *Powell v. Liberty Mut. Fire Ins. Co.*, 252 P.3d 668, 674 (Nev. 2011)). Neither the first nor second conditions are satisfied here.

The heading of the relevant section of the HomeProtector Plus Endorsement states, in bolded capitals, "**INCREASED LIMIT – COVERAGE D**." This heading clearly suggests that the policy language that follows, upon which Liberty's entire case is premised, will *increase* the amount of coverage provided by the Policy. And yet, if Liberty's reading of the Policy, which the majority adopts, were correct, the only effect the HomeProtector Plus Endorsement could have is to

1

*reduce* the amount of loss of use coverage by imposing a 12-month cap on such coverage. Headings are relevant to the proper interpretation of the Policy. *See, e.g.*, *Neumann v. Standard Fire Ins. Co. of Hartford, Conn.*, 699 P.2d 101, 104 (Nev. 1985) (relying on inconsistent use of captions and headers in insurance policy to conclude it was ambiguous). The Court must "interpret [the] insurance policy to effectuate the reasonable expectations of the insured," *Fourth St. Place*, 270 P.3d at 1239 (internal quotation marks omitted), which is "judged from the perspective of one not trained in law or in insurance." *Siggelkow v. Phx. Ins. Co.*, 846 P.2d 303, 304 (Nev. 1993). A reasonable insured, untrained in the law, would presumably be surprised to learn that any provision that followed the heading "**INCREASED LIMIT**" in fact diminished the scope of their coverage.

What is more, consistent with Nevada law, every other endorsement to the Policy that arguably limited the scope of coverage was careful to "clearly and distinctly communicate[]" that fact. *Century*, 329 P.3d at 616 (citation omitted). Each such endorsement stated that it was an "EXCLUSION" from coverage, that "THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY," and/or that "[t]his endorsement takes precedence over all other endorsements attached to your policy." The HomeProtector Plus Endorsement contained no similar language, which reinforces the inference that it was not intended to limit coverage.

2

Liberty argues that only its interpretation of the HomeProtector Plus Endorsement gives meaning to all of the provisions of the Policy. Liberty ignores the fact that its own reading of the Policy renders the "**INCREASED LIMIT**" language superfluous. Liberty therefore failed to "draft the exclusion in 'obvious and unambiguous language.'" *Century*, 329 P.3d at 616 (quoting *Powell*, 252 P.3d at 674).

Further, Liberty is simply incorrect that its reading is the only possible one that gives meaning to all relevant provisions. The HomeProtector Plus Endorsement can reasonably be read not as imposing a 12-month maximum on loss of use coverage, but instead as guaranteeing at least 12 months of loss of use coverage without requiring proof that repairs could not have been completed in a shorter period. Under this reading, the first clause of the endorsement ("We will pay the amount of loss covered by Coverage D which is actually sustained by you during the 12 consecutive months following the date of loss") provides a guarantee that Liberty will cover actual losses for at least 12 months, to the extent the insured has not moved back into their property during that period, and the second clause of the endorsement ("subject to the periods of time under paragraphs 1, 2 and 3 of Coverage D - Loss of Use.") makes clear that Liberty will provide coverage for longer if the time required to repair the property is greater than 12 months. This reading gives effect to all relevant provisions, while at the same time rendering

3

accurate the "**INCREASED LIMIT – COVERAGE D**" header in the HomeProtector Plus Endorsement, thereby avoiding superfluity better than Liberty's own interpretation. Whether or not this is the best interpretation of the Policy, it is at the very least reasonable. It was Liberty's burden to "demonstrate that [its] interpretation excluding coverage is the only reasonable interpretation." *Century*, 329 P.3d at 616. Liberty failed to do so.

Because Liberty failed to "draft the [purported] exclusion in 'obvious and unambiguous language'" and failed to "demonstrate that the interpretation excluding coverage is the only reasonable interpretation," the Policy is ambiguous and should be construed against Liberty. *Century*, 329 P.3d at 616 (quoting *Powell*, 252 P.3d at 674).