# IN THE SUPREME COURT OF THE STATE OF NEVADA

TYRONE & IN-CHING, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY,
Appellant,
vs.
DITECH FINANCIAL LLC, F/K/A GREEN TREE SERVICING, LLC, A FOREIGN LIMITED LIABILITY COMPANY,
Respondent.

No. 81339

FILED

SEP 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment in a quiet title action.[1]  Eighth Judicial District Court, Clark County; James Crockett, Judge.

Appellant Tyrone & In-Ching, LLC, filed a complaint seeking to quiet title to a property it obtained from the purchaser at an HOA foreclosure sale conducted pursuant to NRS Chapter 116.  Respondent Ditech Financial LLC, the beneficiary of record on the deed of trust for the property, answered the complaint and included a quiet title counterclaim.  Tyrone & In-Ching moved to dismiss the counterclaim, which the district court granted.  This court dismissed Ditech's appeal of that order because the district court had neither resolved Tyrone & In-Ching's claims nor properly certified its dismissal order as final pursuant to NRCP 54(b).  *Ditech Fin. LLC v. Tyrone & In-Ching, LLC*, Docket No. 79309 (Order Dismissing Appeal, Jan. 6, 2020).

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

 

21-26881

Back in the district court, Ditech moved for summary judgment, asserting that the Federal Foreclosure Bar and tender prevented the district court from quieting title in Tyrone & In-Ching's favor. *See Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n*, 134 Nev. 270, 417 P.3d 363 (2018) (discussing the Federal Foreclosure Bar); *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 427 P.3d 113 (2018) (discussing tender). The district court granted the motion on both bases and, in doing so, expressly rescinded its dismissal order. This appeal followed.

On appeal, Tyrone & In-Ching only argues the district court could not grant summary judgment in Ditech's favor when it previously dismissed Ditech's counterclaim with prejudice. We disagree. First, the district court rescinded the dismissal order when granting summary judgment contrary to Tyrone & In-Ching's appellate argument. Moreover, the dismissal order only resolved Ditech's counterclaim such that the district court still had to resolve Tyrone & In-Ching's quiet title claim. And, because Ditech raised the Federal Foreclosure Bar as an affirmative defense to quieting title in Tyrone & In-Ching's favor, the district court did not err by relying on it to resolve the quiet title issue.

Tyrone & In-Ching also asserts that the law-of-the-case doctrine required the district court to deny Ditech summary judgment based on the Federal Foreclosure Bar, as it had already dismissed Ditech's similar counterclaim and an appeal occurred. But the law-of-the-case doctrine does not apply here where our dismissal of the prior appeal did not address or decide any issue. *See Dictor v. Creative Mgmt. Servs., LLC*, 126 Nev. 41, 44, 223 P.3d 332, 334 (2010) (defining the doctrine and holding that "[i]n order for the law-of-the-case doctrine to apply, the appellate court must

(O) 1947A

actually address and decide the issue explicitly or by necessary implication"). And we conclude Tyrone & In-Ching waived any argument challenging the evidence supporting the district court's finding that Fannie Mae owned the underlying loan. *See Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. 156, 161 n.3, 252 P.3d 668, 672 n.3 (2011) ("Issues not raised in an appellant's opening brief are deemed waived."); *see also Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court . . . is deemed to have been waived and will not be considered on appeal."). Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Hardesty

_____, J.        _____, Sr.J.
Stiglich                                          Gibbons

cc:  Chief Judge, Eighth Judicial District Court
     Department 24, Eighth Judicial District Court
     Hong & Hong
     Wolfe & Wyman LLP
     Eighth District Court Clerk

---

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.