## IN THE SUPREME COURT OF THE STATE OF NEVADA

LAWRA KASSEE BULEN, AN INDIVIDUAL,
Appellant,
vs.
ROB LAUER, AN INDIVIDUAL; AND STEVE SANSON, AN INDIVIDUAL,
Respondents.

No. 81854

APR 29 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting a special motion to dismiss in a torts action. Eighth Judicial District Court, Clark County; Trevor L. Atkin, Judge.[1]

Appellant Lawra Kassee Bulen filed a defamation complaint against respondents Rob Lauer and Steve Sanson alleging that they authored and published numerous false statements about her in two articles and a video. Respondents moved to dismiss the action pursuant to Nevada's anti-SLAPP statute, NRS 41.660. After holding a hearing, the district court granted the motion and dismissed the complaint.

Nevada's anti-SLAPP statutes require the district court to undertake a two-prong analysis when reviewing a special motion to dismiss. *See* NRS 41.660(3)(a)-(b). First, the moving party must demonstrate that the claims against him are based on protected good faith communications.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

SUPREME COURT
OF
NEVADA

(O) 1947A

22-13643

*See* NRS 41.660(3)(a); *see also* NRS 41.637 (defining good faith communications protected under Nevada's anti-SLAPP statutes). This requires the moving party to show that his alleged conduct constitutes good faith communications under "one of the four categories enumerated in NRS 41.637 and 'is truthful or is made without knowledge of its falsehood.'" *Delucchi v. Songer*, 133 Nev. 290, 299, 396 P.3d 826, 833 (2017) (quoting NRS 41.637). If the moving party "makes this initial showing, the burden shifts to the plaintiff to show 'with prima facie evidence a probability of prevailing on the claim.'" *Shapiro v. Welt*, 133 Nev. 35, 38, 389 P.3d 262, 267 (2017) (quoting NRS 41.660(3)(b)).

As to the first prong of the analysis, Bulen does not dispute that the statements were directly connected with an issue of public interest and made in a public forum. *See* NRS 41.637(4) (providing that a "good faith communication" includes "[c]ommunication[s] made in direct connection with an issue of public interest . . . in a public forum"). Rather, Bulen argues that respondents did not demonstrate that the challenged statements were either true or made without knowledge of their falsity. We agree with the district court that respondents met their burden. Not only did respondents provide the district court with declarations made under penalty of perjury affirming that, to the best of their knowledge, the challenged statements were either true or they had no knowledge as to whether they were false at the time of publication, the challenged articles also cited, and sometimes embedded images of, their sources.[2] *See Stark v.*

---

[2]To the extent Bulen argues the district court should have allowed her discovery to show that respondents knew their statements were false, we

2

*Lackey*, 136 Nev. 38, 43, 458 P.3d 342, 347 (2020) ("[A]n affidavit stating that the defendant believed the communications to be truthful or made them without knowledge of their falsehood is sufficient to meet the defendant's burden absent contradictory evidence in the record."); *see also Abrams v. Sanson*, 136 Nev. 83, 90, 458 P.3d 1062, 1068 (2020) (noting that statements in an article were protected good faith communications because the author included the original source in the article, "thereby allowing average readers to evaluate the veracity of the statements based on their source"). Therefore, we conclude that the district court did not err in finding that respondents showed that their statements were good faith communications protected by Nevada's anti-SLAPP statutes. *See Coker v. Sassone*, 135 Nev. 8, 10, 432 P.3d 746, 748-49 (2019) (reviewing a district court order resolving an anti-SLAPP motion de novo).

We further conclude that the district court did not err in finding that Bulen failed to show that she had a probability of prevailing on her

---

decline to consider such argument because she did not request discovery below. *See* NRS 41.660(4) ("Upon a showing by a party that information necessary to . . . oppose [a special motion to dismiss] is in the possession of another party or a third party and is not reasonably available without discovery, the court shall allow limited discovery for the purposes of ascertaining such information."); *see also Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (providing that an argument not raised in the district court is "waived and will not be considered on appeal"). We also reject Bulen's suggestion that she should have been permitted to discover the identity of respondents' unnamed sources. *See* NRS 49.275 (explaining that news reporters cannot be required to disclose their sources); *Toll v. Wilson*, 135 Nev. 430, 435, 453 P.3d 1215, 1219 (2019) (holding that an online blog is not excluded from the news shield statute solely because it is digital).

claims. As a preliminary matter, Bulen did not demonstrate that each of the challenged statements were false, which is an element of her defamation claim. *See Pegasus v. Reno Newspapers, Inc.*, 118 Nev. 706, 714, 57 P.3d 82, 87 (2002) ("Defamation is a publication of a false statement of fact."). And while Bulen provided evidence disproving two of the challenged statements, she failed to demonstrate that respondents knew those statements were false when they published the articles. *See Williams v. Lazer*, 137 Nev., Adv. Op. 44, 495 P.3d 93, 100 (2021) (concluding that statements were not made in bad faith absent a showing that the tortfeasor "knew the statements were false when she made them"). Moreover, Bulen did not dispute that several of the challenged statements were true or publicly discoverable, *see M & R Inv. Co., Inc. v. Mandarino*, 103 Nev. 711, 718-19, 748 P.2d 488, 493 (1987) (rejecting invasion of privacy claims where the alleged tortious conduct "did not constitute a publication of private facts, but rather, a publication of public facts"); and she failed to support her challenges to their publication with relevant authority. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (providing that an appellant must "present relevant authority[ ] in support of h[er] appellate concerns"). Bulen therefore failed to show with prima facie evidence a probability of prevailing on her defamation and invasion-of-privacy claims. We therefore conclude that the district court did not err in granting respondents' anti-SLAPP motion and dismissing Bulen's complaint.[3] Lastly, while we caution appellant's counsel that a continued

---

[3]Bulen does not challenge the district court's conclusion that she did not meet her burden regarding her other claims. Accordingly, we limit our

failure to cite to the appendix could result in the imposition of sanctions, *see* NRAP 28(e)(i), (j), we decline respondents' request to impose sanctions now. Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, Sr.J.
Gibbons

cc:　Hon. Trevor L. Atkin, District Judge
Kristine M. Kuzemka, Settlement Judge
Brandon L. Phillips, Attorney at Law, PLLC
Richard F. Scotti
Eighth District Court Clerk

---

consideration to her defamation and invasion-of-privacy claims. *See Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. 156, 161 n.3, 252 P.3d 668, 672 n.3 (2011) ("Issues not raised in an appellant's opening brief are deemed waived.").

[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.